## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS AT KANSAS CITY

| | |
|---|---|
| JAKOB TOBLER and MICHELLE MCNITT, individually and on behalf of all others similarly situated,<br><br>          Plaintiffs,<br><br>v.<br><br>1248 HOLDINGS, LLC f/k/a BICKNELL FAMILY HOLDING COMPANY; MARINER WEALTH ADVISORS, LLC f/k/a MARINER HOLDINGS, LLC; MONTAGE INVESTMENTS, LLC; MARINER, LLC f/k/a MARINER WEALTH ADVISORS, LLC; MARINER CAPITAL ADVISORS, LLC; TORTOISE CAPITAL ADVISORS, LLC; TORTOISEECOFIN INVESTMENTS, LLC; AMERICAN CENTURY COMPANIES, INC.; AMERICAN CENTURY SERVICES, LLC; AMERICAN CENTURY INVESTMENT MANAGEMENT, INC.; and DOES 1-10,<br><br>          Defendants. | CASE NO.: 2:24-cv-02068 |

## MEMORANDUM IN SUPPORT OF 1248 HOLDINGS, LLC'S MOTION TO DISMISS CLASS ACTION COMPLAINT

Defendant 1248 Holdings, LLC ("1248 Holdings") submits this memorandum in support of its Rule 12(b)(6) motion to dismiss all counts in the complaint brought against it.

## Overview

The complaint tries to plead that 1248 Holdings conspired to restrict hiring without alleging any facts against 1248 Holdings. The law requires more. 1248 Holdings is merely a parent company for another defendant, as the complaint itself alleges. Mere parent-company status is not enough to plead claims against a parent company. The complaint hinges on admissions in a non-prosecution agreement ("NPA"), but 1248 Holdings is not covered by those admissions. Nor may

a complaint lump all "defendants" together in undifferentiated allegations.  Yet that is what the complaint does here.  No cause of action has been properly pleaded against 1248 Holdings, and this Court should therefore dismiss all counts against it.

<u>**Allegations**</u>

The complaint alleges the defendants "conspired to refrain from competition when it came to hiring and recruiting each other's employees."  (¶ 3.)[1]  It includes 10 named defendants and 10 more "Doe" defendants.  (¶ 1.)  The complaint collectively defines those 20 defendants as "Defendants."  (*Id.*)  It goes on to make more than 85 allegations against those "Defendants" generally.  (*See, e.g.*, ¶¶ 3-6, 8-9, 15, 17, 19-21, 23-24, 45, 51-66, 71-73, 75-76, 78-81, 83-87, 89, 91, 102-03, 105-07, 109-13, 115-23, 125-30, 132, 134-36, 138-42.)

The complaint brings five counts against each defendant, including 1248 Holdings.  The counts are two federal antitrust Section 1 Sherman Act counts (Counts I and II), a Kansas state-law antitrust count under the Kansas Restraint of Trade Act (Count III), a tortious interference with business expectancy count (Count IV), and an unjust enrichment count (Count V).

The complaint only mentions defendant 1248 Holdings in two paragraphs.  Neither paragraph alleges any operative facts to support any count.  First, the complaint lists 1248 Holdings as a defendant.  (¶ 1.)  Second, the complaint's description of the defendants includes an allegation that 1248 Holdings is a parent company of other entities.  (¶ 27.)  That paragraph alleges that 1248 Holdings "wholly *owned*, controlled, and/or directed subsidiaries or affiliates, such as executive-level employees, that employed and paid wages, salaries, and/or benefits to Class Members in the United States."  (*Id.*)[2]  The complaint does not allege any facts about that alleged control or

---

[1] All paragraph citations are to the complaint (ECF 1) unless otherwise identified.

[2] All emphasis is added unless otherwise stated.

direction, including whether (if at all) it was in any way connected to the wrongful conduct alleged. The complaint nowhere alleges that 1248 Holdings specifically engaged in any other conduct.

The complaint attempts to rely on the NPA to plead its claims rather than allege facts. But the operative NPA provisions do not include 1248 Holdings. The NPA's provisions apply solely to the "Company" and its "Relevant Related Entities," which are both defined terms in the NPA. The NPA defines "Company" as "Montage Investments, LLC and Montage's subsidiaries (companies in which Montage Investments, LLC has a direct or indirect ownership interest of greater than 50% as of the date of" the NPA. (ECF 1-1 at 1.) It defines "Relevant Related Entities" as "the company formerly known as Mariner Holdings, LLC, as well as companies in which Montage or Mariner Holdings, LLC had a direct or indirect ownership interest of greater than or equal to 50% during the Relevant Period[.]" (¶ 12; *see also* ECF 1-1 ¶ 7(a).)[3] The complaint nowhere alleges that 1248 Holdings is an entity that Montage or Mariner had a direct or indirect ownership interest of greater than or equal to 50%. If anything, the complaint alleges the opposite. It alleges that 1248 Holdings *owns* subsidiaries (not that it is *owned by* those other entities, let alone Montage or Mariner). (¶ 27.)

## Legal Standard

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege facts to state a plausible claim. *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008). "Conclusory

---

3 Montage Investments, LLC and Mariner Holdings, LLC are different entities and separately named defendants (neither is 1248 Holdings). (¶¶ 28, 30.) 1248 Holdings is incorporated in Delaware (¶ 27), while Montage and Mariner are both incorporated in Kansas (¶¶ 28, 30).

allegations without supporting factual averments are insufficient[.]"  *Cory v. Allstate*, 583 F.3d 1240, 1244 (10th Cir. 2009); *accord Moffet v. Halliburton*, 291 F.3d 1227, 1232 (10th Cir. 2002). When "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

<u>Argument</u>

I.      **Parent-Company Status Is Not Enough to State a Claim.**

The plaintiffs cannot shoehorn 1248 Holdings into this case through its status as a parent company.  (¶ 27.)  "It is a general principle of corporate law deeply ingrained in our economic and legal systems that a parent corporation (so-called because of control through ownership of another corporation's stock) is not liable for the acts of its subsidiaries."  *United States v. Bestfoods*, 524 U.S. 51, 61 (1998) (cleaned up); *accord Freeman v. Raytheon*, 2023 WL 3086032, at *5 (D. Colo. Mar. 24, 2023).  A plaintiff therefore does not plausibly plead a claim against a parent company merely by alleging parent-status alone.

A complaint must instead plead facts showing that a parent is independently liable. "[A]bsent fraud or other invidious and vitiating circumstances, the fact that one corporation owns nearly all stock of another corporation does not" make a parent corporation liable.  *ColtTech v. JLL*, 538 F. Supp. 2d 1355, 1358 (D. Kan. 2008).  It is blackletter law that "parent corporations are not liable for the wrongs of their subsidiaries unless they cause the wrongful conduct (and so are directly liable) or the conditions of investors' liability ('piercing the corporate veil') have been satisfied."  *Bright v. Hill's Pet Nutrition*, 510 F.3d 766, 771 (7th Cir. 2007).  A complaint must therefore either allege either (i) facts of actionable conduct by the parent or (ii) facts that the parent is a successor-in-interest or alter ego of another defendant against which claims have been properly pleaded.  Here, the complaint pleads neither.

4

The complaint does not plead any facts of actionable conduct by 1248 Holdings. It includes "no allegations that any Parent Company [here, 1248 Holdings] did anything actionable in the alleged antitrust conspiracy." *In re Digital Music Antitrust Litig.*, 812 F. Supp. 2d 390, 418-19 (S.D.N.Y. 2011) (dismissing parent companies from Section 1 case). "Whether the … subsidiaries did anything actionable is not relevant with respect to the liabilities of [a parent company like 1248 Holdings] absent a basis to pierce the corporate veil, and none is alleged." *Id.* Nor is there "any allegation that [1248 Holdings] directed the subsidiaries to engage in an antitrust conspiracy." *Id.*

The complaint likewise does not include even conclusory allegations that 1248 Holdings is a successor-in-interest or alter ego. Parent companies are routinely dismissed from Section 1 (and other) cases when the parent is "not alleged to be … a successor in interest" or alter ego because "a parent corporation is not liable for the acts of its subsidiaries." *In re Capacitors Antitrust Litig.*, 106 F. Supp. 3d 1051, 1070-71 (N.D. Cal. 2015) (dismissing parent company from Section 1 case); *accord Fund Liquidation Holdings v. UBS*, 2021 WL 4482826, at *10 (S.D.N.Y. Sept. 30, 2021). The phrases "successor in interest" and "alter ego" (or their equivalents) are nowhere mentioned in the complaint. Nor does the complaint allege facts plausibly showing any of the relevant alter ego factors under Kansas law. *See Somrak v. Kroger*, 2019 WL 1877390, at *2 (D. Kan. Apr. 26, 2019) (listing the ten factors Kansas law uses to determine alter ego), *aff'd*, 802 F. App'x 415 (10th Cir. 2020).

As a result, every count fails. The principle that a parent is not liable for its subsidiary's actions applies to every count here. *See, e.g.*, *Bestfoods*, 524 U.S. at 61 (non-liability of parent for subsidiary's action is a "deeply engrained" and "general principle"); *Mandelbaum v. Fiserv*, 787 F. Supp. 2d 1226, 1234-36 (D. Colo. 2011) (dismissing all counts against parent company defendant, including unjust enrichment); *Warren Env't v. Source One Env't*, 2020 WL 1974256, at

*7 n.8 (D. Mass. Apr. 24, 2020) (same, including tortious interference).  As for the antitrust counts at the core of the complaint, "Antitrust law doesn't recognize guilt by mere association, imputing corporate liability to any affiliate company unlucky enough to be a bystander to its sister company's alleged misdeeds."  *Brown v. JBS USA Food*, 2023 WL 6292717, at *10 (D. Colo. Sept. 27, 2023) (quoting *SD3 v. Black & Decker*, 801 F.3d 412, 423 (4th Cir. 2015)); *accord Mitchael v. Intracorp*, 179 F.3d 847, 857 (10th Cir. 1999).  The complaint has therefore failed to plead any count against 1248 Holdings based on its parent-company status, and the counts against 1248 Holdings should be dismissed.

## II.     The Complaint Fails to Plead Facts Against 1248 Holdings.

A complaint must plead sufficient factual allegations to state a claim.  *Khalik*, 671 F.3d at 1190 (citing *Twombly*, 550 U.S. at 570).  If no such facts are alleged, a complaint must be dismissed.  The complaint here improperly attempts to drag 1248 Holdings into this case only because it is a parent-level holding company.  It is therefore no surprise that the complaint fails to plead any facts against 1248 Holdings, let alone facts that plausibly suggest it participated in the conduct covered by the NPA.

The complaint attempts to rely on an NPA with other entities (not 1248 Holdings).  It alleges that through an NPA "Mariner [which it defines to include 1248 Holdings (¶ 1)] admitted to and accepted" the conduct described in that NPA.  (¶ 12.)  But the complaint—and the NPA it attaches and incorporates—contradicts those allegations on their face.[4]  There are no references to 1248 Holdings in the NPA itself.  The complaint concedes that the NPA's admissions were on behalf of the "Company [i.e., Montage]" and "its related entities (including the company formerly

---

[4] This Court may consider documents on which the complaint relies such as the NPA on a Rule 12(b)(6) motion.  *E.W. v.* Health *Net Life Ins.*, 86 F.4th 1265, 1292 n.6 (10th Cir. 2023).

known as Mariner Holdings, LLC, as well as companies in which Montage or Mariner Holdings, LLC had a direct or indirect ownership interest of greater than or equal to 50% during the Relevant Period[.]" (¶ 12; *see also* ECF 1-1 ¶¶ 7 and 7(a).)   The complaint nowhere alleges that Montage or Mariner had an ownership interest in 1248 Holdings greater than or equal to 50% (not even on "information and belief").   It instead pleads that 1248 Holdings had an ownership interest in *other* unnamed entities.  (¶ 27.)

Even more, the complaint tacitly concedes that 1248 Holdings made no admissions in the NPA.  It alleges for every other Montage/Mariner-related defendant that "Mariner agreed that [the defendant] violated 15 U.S.C. § 1 under the Non-Prosecution Agreement as stated herein." (¶¶ 28-33.)  It makes no such allegation against 1248 Holdings (again, not even on "information and belief").  (¶ 27.)[5]

### III.    Conclusory Allegations against Twenty "Defendants" are Plainly Deficient.

The complaint's general allegations against what it defines as "Defendants" do not save any of the counts against 1248 Holdings.   Allegations against multiple undifferentiated "Defendants" generally are deficient.  *Burnett v. Mortg. Elec. Registration*, 706 F.3d 1231, 1240 (10th Cir. 2013).  A complaint therefore cannot survive a motion to dismiss when it fails to "make any specific allegations against [a parent company]" and instead "refer[s] generally to all defendants" while "lodg[ing] general allegations against such defendants." *Mandelbaum*, 787 F. Supp. 2d at 1234 (dismissing all counts against parent company, including unjust enrichment); *accord Fund Liquidation Holdings*, 2021 WL 4482826, at *10 (similar for Section 1 conspiracy

---

5 The complaint instead alleges the irrelevant fact that 1248 Holdings "is also identified as an entity that may pay the Victim Compensation Fund under the Non-Prosecution Agreement." (¶ 27.)  That 1248 Holdings was identified as an entity that may pay into the fund is legally irrelevant.  Such payments are in no way an admission of anything, nor do they plausibly plead facts establishing any element of any claim asserted.

count).  That is especially true when, as here, a complaint makes "broad allegations against a large" group of defendants (including anonymous "Doe" defendants).  *Burnett*, 706 F.3d at 1240.

The complaint rests on unspecified allegations against "Defendants," which it defines as ten different named entities and ten additional unnamed (and unknown) Doe defendants.  It "has not alleged that [1248 Holdings] 'acted' in any way, whether pursuant to a conspiracy or not." *Invamed v. Barr Labs.*, 22 F. Supp. 2d 210, 221 (S.D.N.Y. 1998).  It thus "fails to support the existence of a conspiracy as it presents no facts that might establish participation by [1248 Holdings] in the alleged conspiracy, save including [it] within the term 'defendants.'" *Id.* (dismissing parent companies from antitrust case).  The complaint's general, undifferentiated allegations against twenty "Defendants" do not plead any cause of action against 1248 Holdings.

## Conclusion

The complaint fails as a matter of law on all counts as to 1248 Holdings and the complaint against 1248 Holdings should thus be dismissed.

Dated: June 27, 2024            Respectfully submitted,

By: */s/ Daniel Blegen*
Daniel Blegen  KS # 19092
Emily N. Reed,  D.Kan. #79020
SPENCER FANE LLP
1000 Walnut Street, Suite 1400
Kansas City, Missouri 64106
(816) 474-8100
(816) 474-3216 (facsimile)
dblegen@spencerfane.com
ereed@spencerfane.com

Jonathan D. King (*pro hac forthcoming*)
John J. Hamill (*pro hac forthcoming*)
Michael S. Pullos (*pro hac forthcoming*)
DLA PIPER LLP (US)
444 West Lake Street, Suite 900
Chicago, IL 60606
(312) 368-3423
(312) 251-5728 (facsimile)
jonathan.king@us.dlapiper.com
john.hamill@us.dlapiper.com
michael.pullos@us.dlapiper.com

*Attorneys for 1248 Holdings, LLC*

## CERTIFICATE OF SERVICE

The undersigned attorney, on oath, certifies that on June 27, 2024 he served the foregoing *Memorandum in Support of 1248 Holdings, LLC's Motion to Dismiss Class Action Complaint* via the ECF system to all parties that have consented to same in accordance with applicable Federal Rules of Civil Procedure and Local Rules of the U.S. District Court for the District of Kansas.

*/s/ Daniel Blegen*
*Attorneys for 1248 Holdings, LLC*