# IN THE UNITED STATES DISTRICT COURT FOR
## DISTRICT OF KANSAS
## AT KANSAS CITY

JAKOB TOBLER and MICHELLE
MCNITT, individually and on behalf of all
others similarly situated,

        Plaintiffs,

v.

1248 HOLDINGS, LLC f/k/a BICKNELL
FAMILY HOLDING COMPANY; MARINER
WEALTH ADVISORS, LLC f/k/a MARINER
HOLDINGS, LLC; MONTAGE
INVESTMENTS, LLC; MARINER, LLC f/k/a
MARINER WEALTH ADVISORS, LLC;
MARINER CAPITAL ADVISORS, LLC;
TORTOISE CAPITAL ADVISORS, LLC;
TORTOISEECOFIN INVESTMENTS, LLC;
AMERICAN CENTURY COMPANIES, INC.;
AMERICAN CENTURY SERVICES, LLC;
AMERICAN CENTURY INVESTMENT
MANAGEMENT, INC.; and DOES 1-10,
        Defendants.

CASE NO.: 2:24-cv-02068

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS MARINER WEALTH ADVISORS, LLC; MONTAGE INVESTMENTS, LLC; MARINER, LLC; AND MARINER CAPITAL ADVISORS, LLC TO PLAINTIFFS' COMPLAINT

Defendants Mariner Wealth Advisors, LLC ("Mariner Wealth"), Montage Investments, LLC ("Montage"), Mariner, LLC ("Mariner"), and Mariner Capital Advisors, LLC ("Mariner Capital Advisors") (collectively, the "Mariner Entities") answer the plaintiffs' Class Action Complaint and Jury Demand ("complaint") as follows below.

## PRELIMINARY STATEMENT

Except as otherwise expressly admitted, the Mariner Entities deny every allegation in the complaint, including, but not limited to, any allegations in the complaint's prayer for relief,

headings, subheadings, footnotes, exhibits, and table of contents. If the Mariner Entities deny knowledge or information sufficient to form a belief as to the truth of an allegation, that allegation is deemed to be denied. Fed. R. Civ. P. 8(b)(5).

The Mariner Entities intend to respond solely to allegations directed at the Mariner Entities specifically. Defendant 1248 Holdings, LLC is not included as one of the Mariner Entities or this Answer as 1248 Holdings, LLC has separately responded to the complaint by filing a motion to dismiss under Rule 12(b)(6). To the extent that the Mariner Entities respond to allegations concerning "Defendants," the Mariner Entities deny that they have knowledge or information sufficient to form a belief as to the truth of the allegations as to other defendants unless expressly stated otherwise.

This Answer is based on the Mariner Entities' investigation to date. The Mariner Entities reserve the right to amend this Answer to the fullest extent allowed under the applicable law, orders, and rules. Subject to and expressly incorporating the above, and without waiving any defenses, the Mariner Entities specifically respond to the complaint's allegations below.

## STATEMENT ON COMPLAINT FOOTNOTES

The complaint includes 27 footnotes. Many of the footnotes are citations to government publications, court filings, and news articles. For all such footnotes, the Mariner Entities respectfully submit that no response is required, refer the Court to the cited materials for complete content and effect, and deny all inconsistent allegations. Out of an abundance of caution, the Mariner Entities answer footnotes 1 and 24 specifically below because they could be construed as including substantive allegations.

Nothing in this Answer is intended to contradict the acceptance of responsibility by the Company, as defined in the NPA, as set forth in paragraph 7 of the NPA or contradict any facts set forth in paragraph 7 of the NPA.

## ANSWER TO CLASS ACTION COMPLAINT

1.     The Mariner Entities admit that the Plaintiffs purport to bring this action against the Defendants on behalf of themselves and "all others similarly situated."  The Mariner Entities admit that the fourth sentence of footnote 1 in paragraph 1 seeks to quote the NPA, respectfully submit that no response is required, refer the Court to the NPA for complete content and effect, and deny all inconsistent allegations.  The Mariner Entities deny that this action meets the prerequisites for a class under Federal Rule of Civil Procedure 23 and further deny that the Plaintiffs are entitled to any relief from the Mariner Entities.  The Mariner Entities otherwise lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 1 and on that basis denies them.

## ANSWER TO INTRODUCTION

2.     The Mariner Entities admit that the fifth sentence in paragraph 2 seeks to characterize the Department of Justice and Federal Trade Commission's "Antitrust Guidance for Human Resource Professionals," respectfully submit that no response is required, refer the Court to that "guidance" for complete content and effect, and deny all inconsistent allegations.  The Mariner Entities deny the allegations in the last sentence of paragraph 2 as they pertain to the Mariner Entities.   The Mariner Entities lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 2 and on that basis denies them.

3.     The Mariner Entities admit that the Plaintiffs have filed this complaint.  The Mariner Entities admit that the second sentence in paragraph 3 seeks to quote a United States Department of Justice website, respectfully submit that no response is required, refer the Court to the cited material for complete content and effect, and deny all inconsistent allegations.  The Mariner Entities lack knowledge or information sufficient to form a belief as to the truth of the allegation that they comprise "some of the top asset and wealth management companies in the

country" as the term "top" is vague, ambiguous, and undefined. The Mariner Entities admit that they entered into Paragraph 7 of the NPA, respectfully refer the Court to Paragraph 7 of the NPA for complete content and effect, and deny all inconsistent allegations. The Mariner Entities otherwise deny all remaining allegations in paragraph 3.

4.     The Mariner Entities admit that they entered into Paragraph 7 of the NPA, respectfully refer the Court to Paragraph 7 for its complete content and effect, and deny all inconsistent allegations. The Mariner Entities otherwise deny all remaining allegations in paragraph 4.

5.     The Mariner Entities admit that they entered into Paragraph 7 of the NPA, respectfully refer the Court to Paragraph 7 for its complete content and effect, and deny all inconsistent allegations. The Mariner Entities otherwise deny all remaining allegations in paragraph 5.

6.     The Mariner Entities deny all allegations in paragraph 6.

7.     The allegations in paragraph 7 are so overly generalized, vague, and ambiguous— including, but not limited to, through its use of "success in this industry critically depends on," "highly specialized and technical," and "extensive education and training"—that the Mariner Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 and on that basis deny them

8.     The Mariner Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 and on that basis deny them.

9.     The Mariner Entities admit that they entered into Paragraph 7 of the NPA, respectfully refer the Court to Paragraph 7 for its complete content and effect, and deny all

inconsistent allegations. The Mariner Entities otherwise deny all remaining allegations in paragraph 9.

10. The Mariner Entities admit that they entered into the NPA, respectfully refer the Court to the NPA for its complete content and effect, and deny all inconsistent allegations. The Mariner Entities otherwise deny all remaining allegations in paragraph 10.

11. The Mariner Entities admit that they entered into the NPA, respectfully refer the Court to the NPA for its complete content and effect, and deny all inconsistent allegations. The Mariner Entities admit that the third sentence of paragraph 11 seeks to characterize the DOJ's agreement that is part of the NPA. The Mariner Entities respectfully refer the Court to the NPA for its complete content and effect, and deny all inconsistent allegations. The Mariner Entities otherwise deny all remaining allegations in paragraph 11.

12. The Mariner Entities admit that paragraph 12 quotes Paragraph 7 of the NPA. The Mariner Entities respectfully refer the Court to the NPA for its complete content and effect, and deny all inconsistent allegations.

13. The Mariner Entities admit that paragraph 13 quotes a certain provision of the NPA and otherwise purports to characterize the NPA. The Mariner Entities respectfully refer the Court to the NPA for its complete content and effect, and deny all inconsistent allegations.

14. The Mariner Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 and on that basis denies them.

15. The Mariner Entities deny all allegations in paragraph 15.

16. The Mariner Entities admit that employee lists were provided to a claims administrator overseeing the Victim Compensation Fund and that the administrator administered a claims notice process. Further answering, the allegations in the last sentence purport to

characterize the NPA, respectfully refer the Court to the NPA for its complete content and effect, and deny all inconsistent allegations. The Mariner Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations in the last three sentences of paragraph 16 relating to American Century and on that basis denies them. The Mariner Entities deny all remaining allegations in paragraph 16.

17.     The Mariner Entities deny all allegations in paragraph 17 as they pertain to the Mariner Entities.

18.     The Mariner Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding American Century and on that basis deny them. The Mariner Entities deny all remaining allegations in paragraph 18.

19.     The Mariner Entities deny all allegations in paragraph 19.

20.     The Mariner Entities deny all allegations in paragraph 20.

21.     The Mariner Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second, third, fourth and fifth sentences of paragraph 21 and on that basis deny them. The Mariner Entities deny the remaining allegations in paragraph 21.

<u>**ANSWER TO JURISDICTION AND VENUE**</u>

22.     The Mariner Entities state that the allegations in paragraph 22 state legal conclusions, that legal conclusions are for the Court to make, and therefore deny those allegations. To the extent a further answer is deemed required, the Mariner Entities admit that the Court has subject-matter jurisdiction under 28 U.S.C §§ 1331, 1337, and 1367; lack knowledge or information sufficient to form a belief as to the truth of the allegation that this Court has subject-matter jurisdiction under 28 U.S.C. § 1332(d)(2) and on that basis deny it; and deny that the Court has subject-matter jurisdiction under 15 U.S.C. §§ 15(a) or 26 as those statutory provisions are not grants of federal subject-matter jurisdiction.

23.     The Mariner Entities state that the allegations in paragraph 23 state legal conclusions, that legal conclusions are for the Court to make, and therefore deny those allegations. To the extent a further answer is deemed required, the Mariner Entities deny that this Court has personal jurisdiction over any Mariner Entity under 15 U.S.C. § 22 or Federal Rule of Civil Procedure 4(h)(1)(A) because neither provision concerns personal jurisdiction. The Mariner Entities admit that this Court has personal jurisdiction over each Mariner Entity.

24.     The Mariner Entities state that the allegations in paragraph 24 state legal conclusions, that legal conclusions are for the Court to make, and therefore deny those allegations. To the extent a further answer is deemed required, the Mariner Entities admit that venue is proper in this District.

## ANSWER TO THE PARTY ALLEGATIONS

### A.     Plaintiffs

25.     The Mariner Entities admit that Jakob Tobler had an employment start date at Tortoise Capital Advisors, LLC of approximately June 2015. Of the remaining allegations in the first three sentences, the Mariner Entities lack knowledge or information sufficient to form a belief as to the truth of those remaining allegations in paragraph 25 and on that basis deny them. The Mariner Entities deny all remaining allegations in paragraph 25.

26.     The Mariner Entities admit that Michelle McNitt was employed with Tortoise Capital Advisors, LLC from approximately April 2016 to December 2017. Of the remaining allegations in the first three sentences, the Mariner Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 and on that basis deny them. The Mariner Entities deny all remaining allegations in paragraph 26.

**B.    Defendants**

27.    The Mariner Entities admit the allegations in the first sentence of paragraph 27. Further answering, the Mariner Entities admit that a Resolution of the Board of Managers and a Supermajority in Interest of MWA Holdco, LLC provides that "the $1,000,000 victim compensation fund set forth with the [NPA] shall be paid by Montage and/or 1248 Holdings, LLC[.]"  The Mariner Entities deny the remaining allegations in paragraph 27.

28.    The Mariner Entities admit that Mariner Wealth Advisors, LLC is incorporated in Kansas and its principal place of business is in Kansas. The Mariner Entities admit that the last sentence of paragraph 28 seeks to characterize the NPA, respectfully submit that no response is required, refer the Court to the NPA for complete content and effect, and deny all inconsistent allegations.  The Mariner Entities deny the remaining allegations in paragraph 28.

29.    The Mariner Entities admit that Mariner, LLC is incorporated in Kansas and its principal place of business is in Kansas. The Mariner Entities admit that the last sentence of paragraph 29 seeks to characterize the NPA, respectfully submit that no response is required, refer the Court to the NPA for complete content and effect, and deny all inconsistent allegations.

30.    The Mariner Entities admit that Montage Investments, LLC is incorporated in Kansas and its principal place of business is in Kansas. The Mariner Entities admit that the last sentence of paragraph 30 seeks to characterize the NPA, respectfully submit that no response is required, refer the Court to the NPA for complete content and effect, and deny all inconsistent allegations.

31.    The Mariner Entities admit that Mariner Capital Advisors, LLC is incorporated in Delaware and its principal place of business is in Kansas. The Mariner Entities admit that the last sentence of paragraph 31 seeks to characterize the NPA, respectfully submit that no response is

required, refer the Court to the NPA for complete content and effect, and deny all inconsistent allegations.

32. The Mariner Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 and on that basis deny them.

33. The Mariner Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 and on that basis deny them.

34. The Mariner Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 34 and on that basis deny them. Further answering, the Mariner Entities admit that they entered into Paragraph 7 of the NPA, respectfully refer the Court to the NPA for its complete content and effect, and deny all inconsistent allegations.

35. The Mariner Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 and on that basis deny them. Further answering, the Mariner Entities admit that they entered into Paragraph 7 of the NPA, respectfully refer the Court to the NPA for its complete content and effect, and deny all inconsistent allegations.

36. The Mariner Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 36 and on that basis deny them. Further answering, the Mariner Entities admit that they entered into Paragraph 7 of the NPA, respectfully refer the Court to the NPA for its complete content and effect, and deny all inconsistent allegations.

37. The Mariner Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 and on that basis deny them.

<u>**ANSWERS TO FACTUAL ALLEGATIONS**</u>

**I.      <u>The Asset and Wealth Management Industry</u>**

38.     The Mariner Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 and on that basis deny them.

39.     The Mariner Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 and on that basis deny them.

40.     The Mariner Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 and on that basis deny them.

41.     The Mariner Entities deny the allegations in the first sentence of paragraph 41.  The Mariner Entities lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 41 and on that basis deny them.

42.     The Mariner Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 and on that basis deny them.

43.     The Mariner Entities admit that the allegations in the last two sentences of paragraph 43 characterize certain articles.  The Mariner Entities refer the Court to those articles for their full content and effect, and deny all inconsistent allegations.  The Mariner Entities deny the allegations in the first sentence of paragraph 43.

44.     The Mariner Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph  44 and on that basis deny them.

45.     The Mariner Entities deny the allegations in paragraph 45.

46.     The Mariner Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 and on that basis deny them.

47.     The Mariner Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 and on that basis deny them.

48.     The Mariner Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 and on that basis deny them.

49.     The Mariner Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 and on that basis deny them.

50.     The Mariner Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50 and on that basis deny them.

51.     The Mariner Entities deny the allegations in the last sentence of paragraph 51. The Mariner Entities lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 51 and on that basis deny them.

52.     The Mariner Entities deny all allegations in paragraph 52.

53.     The Mariner Entities admit that they entered into Paragraph 7 of the NPA, respectfully refer the Court to Paragraph 7 for its complete content and effect, and deny all inconsistent allegations. The Mariner Entities otherwise deny all remaining allegations in paragraph 53.

54.     The Mariner Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 54 and on that basis deny them. The Mariner Entities deny all remaining allegations in paragraph 54.

55.     The Mariner Entities admit that they entered into Paragraph 7 of the NPA, respectfully refer the Court to Paragraph 7 for its complete content and effect, and deny all inconsistent allegations. The Mariner Entities otherwise deny all remaining allegations in paragraph 55.

## II.     **Defendants' Conspiracy to Restrict Hiring, Recruiting, and Compensation**

56.    The Mariner Entities admit that they entered into Paragraph 7 of the NPA, respectfully refer the Court to Paragraph 7 for its complete content and effect, and deny all inconsistent allegations. The Mariner Entities otherwise deny all remaining allegations in paragraph 56.

57.    The Mariner Entities admit that they entered into Paragraph 7 of the NPA, respectfully refer the Court to Paragraph 7 for its complete content and effect, and deny all inconsistent allegations. The Mariner Entities admit that the NPA defines the relevant time period as March 2014 to March 2018. The Mariner entities deny all remaining allegations in paragraph 57 and footnote 24.

58.    The Mariner Entities deny all allegations in paragraph 58.

59.    The Mariner Entities admit that they entered into Paragraph 7 of the NPA, respectfully refer the Court to Paragraph 7 for its complete content and effect, and deny all inconsistent allegations. The Mariner Entities deny all remaining allegations in paragraph 59.

60.    The Mariner Entities deny all allegations in paragraph 60.

61.    The Mariner Entities deny all allegations in paragraph 61.

62.    The Mariner Entities admit that they entered into the NPA, respectfully refer the Court to the NPA for its complete content and effect, and deny all inconsistent allegations.

## III.     **The Effects of the No-Poach Conspiracy**

63.    The Mariner Entities admit that they entered into Paragraph 7 of the NPA, respectfully refer the Court to Paragraph 7 for its complete content and effect, and deny all inconsistent allegations. The Mariner Entities deny all remaining allegations in paragraph 63.

64.    The Mariner Entities deny all allegations in paragraph 64.

65.     The Mariner Entities deny all allegations in paragraph 65.

66.     The Mariner Entities deny all allegations in paragraph 66.

67.     The Mariner Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67 and on that basis deny them.

68.     The Mariner Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68 and on that basis deny them.

69.     The Mariner Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69 and on that basis deny them.

70.     The Mariner Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70 and on that basis deny them.

71.     The Mariner Entities deny all allegations in paragraph 71.

72.     The Mariner Entities deny all allegations in paragraph 72.

73.     The Mariner Entities deny all allegations in paragraph 73.

74.     The Mariner Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74 and on that basis deny them.

75.     The Mariner Entities admit that they entered into Paragraph 7 of the NPA, respectfully refer the Court to Paragraph 7 for its complete content and effect, and deny all inconsistent allegations.  The Mariner Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of paragraph 75 and on that basis deny them.  The Mariner Entities deny the remaining allegations in paragraph 75.

76.     The Mariner Entities deny all allegations in paragraph 76.

77.     The Mariner Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77 and on that basis deny them.

78.     The Mariner Entities deny the allegations in the first sentence of paragraph 78.  The Mariner Entities lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 78 and on that basis deny them.

79.     The Mariner Entities deny all allegations in paragraph 79.

80.     The Mariner Entities deny all allegations in paragraph 80.

**ANSWER TO EQUITABLE TOLLING DUE TO DEFENDANTS' CONCEALMENT**

81.     The Mariner Entities deny all allegations in paragraph 81.

82.     The Mariner Entities lack knowledge or information sufficient to form a belief as to the allegations in paragraph 82 and on that basis deny them.

83.     The Mariner Entities deny all allegations in paragraph 83.

84.     The Mariner Entities deny all allegations in paragraph 84.

85.     The Mariner Entities lack knowledge or information sufficient to form a belief as to the allegations in the third sentence of paragraph 85 as they pertain to other Defendants and on that basis denies them.  The Mariner Entities deny all remaining allegations in paragraph 85.

86.     The Mariner Entities deny all allegations in paragraph 86.

87.     The Mariner Entities lack knowledge or information sufficient to form a belief as to the allegations in paragraph 87 and on that basis deny them.

88.     The Mariner Entities deny all allegations in paragraph 88.

89.     The Mariner Entities lack knowledge or information sufficient to form a belief as to the allegations in paragraph 89 as they pertain to what the Plaintiffs or purported Class Members "reasonably considered" and on that basis deny them.  The Mariner Entities deny all allegations in paragraph 89.

90. The Mariner Entities lack knowledge or information sufficient to form a belief as to the allegations in paragraph 90 as they pertain to what would have been important to the Plaintiffs or purported Class Members and on that basis deny them. The Mariner Entities deny all allegations in paragraph 90.

91. The Mariner Entities deny all allegations in paragraph 91.

## ANSWER TO CLASS ACTION ALLEGATIONS

92. The Mariner Entities admit that the Plaintiffs purport to bring this action against the Defendants on behalf of themselves and a putative class as defined in paragraph 92, but deny that this action meets the prerequisites for a class action under Federal Rule of Civil Procedure 23. The Mariner Entities further deny that the Plaintiffs or the purported class are entitled to any relief from the Mariner Entities.

93. The Mariner Entities admit that the alleged putative class, as defined by the Plaintiffs, purportedly excludes the categories of individuals and entities described in paragraph 93. The Mariner Entities deny any remaining allegations in paragraph 93.

94. The Mariner Entities deny all allegations in paragraph 94.

95. The Mariner Entities admit that during different times of the alleged class period that they collectively employed more than 1,500 employees. The Mariner Entities deny all remaining allegations in paragraph 95.

96. The Mariner Entities deny all allegations in paragraph 96.

97. The Mariner Entities deny all allegations in paragraph 97.

98. The Mariner Entities deny all allegations in paragraph 98.

99. The Mariner Entities deny all allegations in paragraph 99.

100. The Mariner Entities deny all allegations in paragraph 100.

# CLAIMS FOR RELIEF
## ANSWER TO COUNT I

### *Per se* Violation of §1 of the Sherman Act, 15 U.S.C. §1
### *(On Behalf of Plaintiffs and the Class)*

101.    The Mariner Entities hereby incorporate their answers to the referenced paragraphs as their answer to paragraph 101.

102.    The Mariner Entities admit that they entered into Paragraph 7 of the NPA, respectfully refer the Court to Paragraph 7 for its complete content and effect, and deny all inconsistent allegations.  The Mariner Entities deny all remaining allegations in paragraph 102.

103.    The Mariner Entities admit that they entered into Paragraph 7 of the NPA, respectfully refer the Court to Paragraph 7 for its complete content and effect, and deny all inconsistent allegations.  The Mariner Entities deny all remaining allegations in paragraph 103.

104.    The Mariner Entities admit that they entered into Paragraph 7 of the NPA, respectfully refer the Court to Paragraph 7 for its complete content and effect, and deny all inconsistent allegations.  The Mariner Entities deny all remaining allegations in paragraph 104.

105.    The Mariner Entities state that the allegations in paragraph 105 state legal conclusions, that legal conclusions are for the Court to make, and therefore deny those allegations. To the extent a further answer is deemed required, the Mariner Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first two sentences of paragraph 105 and on that basis deny them.  The Mariner Entities deny the remaining allegations in paragraph 105.

106.    The Mariner Entities admit that they entered into Paragraph 7 of the NPA, respectfully refer the Court to Paragraph 7 for its complete content and effect, and deny all inconsistent allegations.  The Mariner Entities deny all remaining allegations in paragraph 106.

107.     The Mariner Entities state that the allegations in paragraph 107 state legal conclusions, that legal conclusions are for the Court to make, and therefore the Mariner Entities deny those allegations.  To the extent a further answer is deemed required, the Mariner Entities admit that the DOJ conducted an investigation into a "market allocation agreement constituting a *per se* unlawful, and thus unreasonable, restraint of interstate trade and commerce in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1, in the labor market for asset and wealth management industry professionals in the United States."  Further answering, the Mariner Entities admit that they entered into Paragraph 7 of the NPA, respectfully refer the Court to Paragraph 7 for its complete content and effect, and deny all inconsistent allegations.

108.     The Mariner Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 108 and on that basis deny them.

109.     The Mariner Entities state that the allegations in paragraph 109 state legal conclusions, that legal conclusions are for the Court to make, and therefore the Mariner Entities deny those allegations.  To the extent a further answer is deemed required, the Mariner Entities admit that they entered into Paragraph 7 of the NPA, respectfully refer the Court to Paragraph 7 for its complete content and effect, and deny all inconsistent allegations.

110.     The Mariner Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 110 and on that basis deny them.

111.     The Mariner Entities deny all allegations in paragraph 111.

112.     The Mariner Entities deny all allegations in paragraph 112.

113.     The Mariner Entities deny all allegations in paragraph 113.

## ANSWER TO COUNT II

### Violation of §1 of the Sherman Act, 15 U.S.C. §1 (Rule of Reason)
*(On Behalf of Plaintiffs and the Class)*

114.     The Mariner Entities hereby incorporate their answers to the referenced paragraphs as their answer to paragraph 114.

115.     The Mariner Entities admit that they entered into Paragraph 7 of the NPA, respectfully refer the Court to Paragraph 7 for its complete content and effect, and deny all inconsistent allegations.

116.     The Mariner Entities admit that they entered into Paragraph 7 of the NPA, respectfully refer the Court to Paragraph 7 for its complete content and effect, and deny all inconsistent allegations.  The Mariner Entities deny all remaining allegations in paragraph 116.

117.     The Mariner Entities state that the allegations in paragraph 117 state legal conclusions, that legal conclusions are for the Court to make, and therefore deny those allegations. To the extent a further answer is deemed required, the Mariner Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first two sentences of paragraph 117 and on that basis deny them.  The Mariner Entities deny the remaining allegations in paragraph 117.

118.     The Mariner Entities admit that they entered into Paragraph 7 of the NPA, respectfully refer the Court to Paragraph 7 for its complete content and effect, and deny all inconsistent allegations.  The Mariner Entities deny all remaining allegations in paragraph 118.

119.     The Mariner Entities state that the allegations in paragraph 119 state legal conclusions, that legal conclusions are for the Court to make, and therefore deny those allegations. To the extent a further answer is deemed required, the Mariner Entities deny all allegations in paragraph 119.

120.    The Mariner Entities state that the allegations in the first sentence of paragraph 120 state legal conclusions, that legal conclusions are for the Court to make, and therefore deny those allegations.  To the extent a further answer is deemed required, the Mariner Entities deny all allegations in paragraph 120.

121.    The Mariner Entities deny all allegations in paragraph 121.

122.    The Mariner Entities deny all allegations in paragraph 122.

123.    The Mariner Entities deny all allegations in paragraph 123.

## ANSWER TO COUNT III

**Violation of Kansas Restraint of Trade Act, 50-101 *et seq*.**
*(On Behalf of Plaintiffs and the Class)*

124.    The Mariner Entities hereby incorporate their answers to the referenced paragraphs as their answer to paragraph 124.

125.    The Mariner Entities admit that they entered into Paragraph 7 of the NPA, respectfully refer the Court to Paragraph 7 for its complete content and effect, and deny all inconsistent allegations.  The Mariner Entities deny all remaining allegations in paragraph 125.

126.    The Mariner Entities admit that they entered into Paragraph 7 of the NPA, respectfully refer the Court to Paragraph 7 for its complete content and effect, and deny all inconsistent allegations.  The Mariner Entities deny all remaining allegations in paragraph 126.

127.    The Mariner Entities state that the allegations in paragraph 127 state legal conclusions, that legal conclusions are for the Court to make, and therefore deny those allegations.  To the extent a further answer is deemed required, the Mariner Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first two sentences of paragraph 127 and on that basis deny them.  The Mariner Entities deny the remaining allegations in paragraph 127.

128.     The Mariner Entities admit that they entered into Paragraph 7 of the NPA, respectfully refer the Court to Paragraph 7 for its complete content and effect, and deny all inconsistent allegations.  The Mariner Entities deny all remaining allegations in paragraph 128.

129.     The Mariner Entities deny all allegations in paragraph 129.

130.     The Mariner Entities deny all allegations in paragraph 130.

## ANSWER TO COUNT IV

### Tortious Interference with Business Expectancy
*(On Behalf of Plaintiffs and the Class)*

131.     The Mariner Entities hereby incorporate their answers to the referenced paragraphs as their answer to paragraph 131.

132.     The Mariner Entities admit that they entered into Paragraph 7 of the NPA, respectfully refer the Court to Paragraph 7 for its complete content and effect, and deny all inconsistent allegations.  The Mariner Entities deny all remaining allegations in paragraph 125.

133.     The Mariner Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 133 and on that basis deny them. The Mariner Entities deny all remaining allegations in paragraph 133.

134.     The Mariner Entities admit that they entered into Paragraph 7 of the NPA, respectfully refer the Court to Paragraph 7 for its complete content and effect, and deny all inconsistent allegations.  The Mariner Entities deny all remaining allegations in paragraph 134.

135.     The Mariner Entities deny all allegations in paragraph 135.

136.     The Mariner Entities deny all allegations in paragraph 136.

## ANSWER TO COUNT V

### Unjust Enrichment
### *(On Behalf of Plaintiffs and the Class)*

137.     The Mariner Entities hereby incorporate their answers to the referenced paragraphs as their answer to paragraph 137.

138.     The Mariner Entities state that the allegations in paragraph 127 state legal conclusions, that legal conclusions are for the Court to make, and therefore deny those allegations. To the extent a further answer is deemed required, the Mariner Entities deny the allegations in paragraph 138.

139.     The Mariner Entities deny all allegations in paragraph 139.

140.     The Mariner Entities deny all allegations in paragraph 140.

141.     The Mariner Entities admit that they entered into Paragraph 7 of the NPA, respectfully refer the Court to Paragraph 7 for its complete content and effect, and deny all inconsistent allegations.  The Mariner Entities deny all remaining allegations in paragraph 141.

142.     The Mariner Entities deny all allegations in paragraph 142.

## ANSWER TO PRAYER FOR RELIEF

143.     The Mariner Entities deny that the plaintiffs are entitled to any relief, including all relief sought in paragraph 143.

## ANSWER TO DEMAND FOR JURY TRIAL

The Mariner Entities admit that the plaintiffs have requested a trial by jury of all issues so triable and that the plaintiffs seek to designate the federal court in Kansas City, Kansas as the place of trial.

## DEFENSES

Without assuming any burden that it would not otherwise bear, the Mariner Entities assert the separate and additional defenses set forth below. In addition to the separate and additional defenses set forth below, the Mariner Entities state that they have insufficient knowledge or information on which to form a belief as to whether they might have additional, as yet unstated, separate defenses available. The Mariner Entities have not knowingly or intentionally waived any applicable defenses and they reserve the right to amend, add, delete, modify, or rely on any affirmative or other defenses based on legal theories that may be or will be divulged through clarification of the complaint, through discovery, or through further legal analysis of the plaintiffs' positions in this litigation. Nothing stated herein is intended or shall be construed as an admission that any particular issue or subject matter is relevant to the complaint's allegations.

As separate and distinct defenses, the Mariner Entities allege the below.

### FIRST DEFENSE
### (Timeliness Defenses)

The plaintiffs' claims are barred by the applicable statutes of limitation and/or the doctrines of estoppel, laches, or waiver. The federal antitrust causes of action (Counts I and II) have a four-year statute of limitations. The cause of action alleging a violation of the Kansas Restraint of Trade Act (Count III) has a three-year statute of limitations. The tortious interference with business expectancy (Count IV) and unjust enrichment (Count V) causes of action both have a two-year statute of limitations. The plaintiffs filed their complaint more than four years after their causes of action accrued. None of the causes of action were tolled, including, but not limited to, under the doctrines equitable tolling, fraudulent concealment, or the discovery rule. All causes of action are therefore barred as untimely.

## SECOND DEFENSE
### (Defense on When the Plaintiffs Were Employed/Applied Elsewhere)

The plaintiffs' claims are barred because they are based on alleged conduct that concluded before, or began after, the plaintiffs' employment or applications for employment.

## THIRD DEFENSE
### (No Standing)

The plaintiffs' claims are barred because the plaintiffs lack standing to assert the claims alleged.

## FOURTH DEFENSE
### (None or Speculative Damages)

The plaintiffs' claims are barred because they have not suffered any damages, or the alleged damages are speculative and uncertain.

## FIFTH DEFENSE
### (Actual or Proximate Causation)

The plaintiffs' claims are barred because injury, if any, was indirect and not actually or proximately caused by any of the Mariner Entities.

## SIXTH DEFENSE
### (Intervening or Superseding Cause)

The plaintiffs' claims are barred because the alleged injuries, to the extent any exist, were caused by intervening or superseding causes unrelated to the alleged conduct of the Mariner Entities, by the conduct of third parties for whom the Mariner Entities were not responsible, through forces in the marketplace over which the Mariner Entities have no control, or through acts or omissions by one or more of the plaintiffs.

## SEVENTH DEFENSE
## (Failure to Mitigate)

Recovery on the claims is barred by the plaintiffs' failure to mitigate their alleged damages (if any).

## EIGHTH DEFENSE
## (No Treble Damages)

The plaintiffs have failed to state any basis for an award of treble damages, including, but not limited to, under federal antitrust law.

## NINTH DEFENSE
## (No Injury In Fact)

The plaintiffs' claims are barred because they have not suffered injury in fact.

## TENTH DEFENSE
## (Failure to State a Claim)

The complaint fails to state a claim against any of the Mariner Entities upon which relief can be granted.

## ELEVENTH DEFENSE
## (Failure to Plead with Particularity)

The complaint fails to plead fraudulent concealment with particularity.

## TWELTH DEFENSE
## (Estoppel/Unclean Hands/In Pari Delicto)

The plaintiffs' claims are barred by the doctrines of estoppel, unclean hands, or in pari delicto.

## THIRTEENTH DEFENSE
## (No Lessened Competition in Market)

The plaintiffs' antitrust claims are barred because none of the Mariner Entities' challenged actions or omissions substantially lessened competition within any properly defined market.

## FOURTEENTH DEFENSE
### (Inadequate Allegations of Relevant Product and Geographic Market)

The plaintiffs' antitrust claims are barred, in whole or in part, because the complaint has not adequately alleged a relevant product/service market and geographic market.

## FIFTHTEENTH DEFENSE
### (No Antitrust Injury)

The plaintiffs' antitrust claims are barred because the plaintiffs have not suffered antitrust injury.

## SIXTEENTH DEFENSE
### (No Intent or Purpose)

The plaintiffs' claims are barred because the plaintiffs cannot show that the Mariner Entities engaged in any alleged conduct with the intent and/or purpose to impact employee mobility, limit opportunities of employees to negotiate, or otherwise wrongly affect terms of employment.

## SEVENTEENTH DEFENSE
### (Unjust Enrichment)

The relief sought by the plaintiffs is barred because the plaintiffs would be unjustly enriched if they were allowed to recover the damages alleged in the complaint.

## EIGHTEENTH DEFENSE
### (Class Action Improper)

This action cannot be maintained as a class action as a matter of law and fact.

## NINETEENTH DEFENSE
### (Equitable Relief Improper)

The plaintiffs' claims for unspecified equitable relief are improper because the plaintiffs cannot establish that they have suffered an irreparable injury, that remedies at law are inadequate to compensate for their alleged injuries, that the balance of the hardships between the plaintiffs

and the defendants weighs in favor granting equitable relief, or that equitable relief would be in the public interest.

## TWENTIETH DEFENSE
### (NPA Inadmissible)

The plaintiffs' claims are barred because any purported admissions in a non-prosecution agreement are inadmissible as settlement communications under rule 408 of the Federal Rules of Evidence and public policy.

## ADDITIONAL DEFENSES

The Mariner Entities incorporate any defense asserted or to be asserted by any other defendant not set forth above applicable to the Mariner Entities' defense of the claims here. By providing the above defenses, the Mariner Entities do not waive or limit any defenses.

**WHEREFORE**, the Mariner Entities respectfully requests the following relief:

A.    That the plaintiffs and members of the putative classes take nothing by the complaint;

B.    That the complaint and each and every allegation and subpart contained therein be dismissed with prejudice;

C.    That the Court enter judgment in favor of the Mariner Entities;

D.    That the Mariner Entities recover their costs of suit, including reasonable attorneys' fees; and for such other and further relief that the Court may deem just and proper;

E.    That the Court direct such further relief it may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the Mariner Entities demand a jury trial as to all issues triable by a jury.

Dated: June 27, 2024

Respectfully submitted,

By: /s/ *Daniel Blegen*

Daniel Blegen    KS # 19092
Emily N. Reed,  D. Kan. #79020
SPENCER FANE LLP
1000 Walnut Street, Suite 1400
Kansas City, Missouri 64106
(816) 474-8100
(816) 474-3216 (facsimile)
dblegen@spencerfane.com
ereed@spencerfane.com

Jonathan D. King (*pro hac forthcoming*)
John J. Hamill (*pro hac forthcoming*)
Michael S. Pullos (*pro hac forthcoming*)
DLA PIPER LLP (US)
444 West Lake Street, Suite 900
Chicago, IL 60606
(312) 368-3423
(312) 251-5728 (facsimile)
jonathan.king@us.dlapiper.com
john.hamill@us.dlapiper.com
michael.pullos@us.dlapiper.com

*Attorneys for Defendants Mariner Wealth Advisors, LLC, Montage Investments, LLC, Mariner, LLC, and Mariner Capital Advisors, LLC*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney, on oath, certifies that on June 27, 2024 he served the foregoing *Answer and Affirmative Defenses of Defendants, Mariner Wealth Advisors, LLC, Montage Investments, LLC; Mariner, LLC and Mariner Capital Advisors, LLC to Plaintiffs' Complaint* via the ECF system to all parties that have consented to same in accordance with applicable Federal Rules of Civil Procedure and Local Rules of the U.S. District Court for the District of Kansas.

*/s/ Daniel Blegen*