# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JAKOB TOBLER and MICHELLE MCNITT,
individually and on behalf of all others
similarly situated,

               *Plaintiffs*,

v.

1248 HOLDINGS, LLC f/k/a BICKNELL
FAMILY HOLDING COMPANY; MARINER
WEALTH ADVISORS, LLC f/k/a MARINER
HOLDINGS, LLC; MONTAGE
INVESTMENTS, LLC; MARINER, LLC f/k/a
MARINER WEALTH ADVISORS, LLC;
MARINER CAPITAL ADVISORS, LLC;
TORTOISE CAPITAL ADVISORS, LLC;
TORTOISEECOFIN INVESTMENTS, LLC;
AMERICAN CENTURY COMPANIES, INC.;
AMERICAN CENTURY SERVICES, LLC;
AMERICAN CENTURY INVESTMENT
MANAGEMENT, INC.; and DOES 1-10,

               *Defendants*.

Case No. 2:24-cv-02068

## AMERICAN CENTURY DEFENDANTS' ANSWER AND DEFENSES
## TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendants American Century Companies, Inc., American Century Services, LLC, and American Century Investment Management, Inc. (collectively, "American Century") state the following as their Answer and Defenses to Plaintiffs' First Amended Complaint ("Amended Complaint"). Any allegation in the Amended Complaint not explicitly responded to in this Answer, including any allegations made in the Amended Complaint's footnotes, headings, or sub-headings, is hereby denied.

## ANSWER

1.     American Century admits that Plaintiffs purport to bring this action against Defendants on behalf of themselves and "all other[s] similarly situated," but American Century denies that this action meets the prerequisites for a class action under Federal Rule of Civil Procedure 23.  American Century further denies that Plaintiffs are entitled to any relief from American Century.  To the extent that Paragraph 1 contains additional allegations requiring response, American Century denies such allegations.

2.     American Century admits that in 2016, the Department of Justice and Federal Trade Commission jointly released *Antitrust Guidance for Human Resource Professionals*, the content of which speaks for itself.  American Century denies the allegations in the last sentence of Paragraph 2 as they pertain to American Century.  American Century lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 2, and, on that basis, denies them.

3.     American Century admits that Plaintiffs characterize this action as "concern[ing] the rights of employees to free and fair markets."  The allegations in the second sentence of Paragraph 3 quote from a publication, the content of which speaks for itself.  American Century admits that, between March 2014 and March 2018, American Century Companies, Inc. conspired to suppress and eliminate competition by entering into and managing a bilateral market allocation agreement with another Defendant with which it competes for asset and wealth management professionals not to solicit, recruit, hire, or otherwise compete for each other's employees.  American Century denies the remaining allegations in Paragraph 3.

4.     American Century admits that, between March 2014 and March 2018, American Century Companies, Inc. conspired to suppress and eliminate competition by entering into and

managing a bilateral market allocation agreement with another Defendant with which it competes for asset and wealth management professionals not to solicit, recruit, hire, or otherwise compete for each other's employees. American Century denies the remaining allegations in Paragraph 4.

5. American Century admits that the agreement between American Century Companies, Inc. and another Defendant diminished employee mobility and limited the ability of asset and wealth management professionals to negotiate for better compensation, benefits, and other terms of employment. American Century denies the remaining allegations in Paragraph 5.

6. American Century denies the allegations in Paragraph 6.

7. American Century lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 7, and, on that basis, denies them.

8. American Century lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 8, and, on that basis, denies them.

9. American Century admits that, between March 2014 and March 2018, American Century Companies, Inc. conspired to suppress and eliminate competition by entering into and managing a bilateral market allocation agreement with another Defendant with which it competes for asset and wealth management professionals not to solicit, recruit, hire, or otherwise compete for each other's employees. American Century denies the remaining allegations in Paragraph 9.

10. American Century lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 10, and, on that basis, denies them.

11. American Century lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 11, and, on that basis, denies them.

12.     American Century lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 12, and, on that basis, denies them.

13.     American Century lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 13, and, on that basis, denies them.

14.     American Century admits that the Department of Justice and American Century Companies, Inc. entered into a Non-Prosecution Agreement (the "American Century NPA"), and that the Department's investigation into American Century began prior to 2020.  American Century further admits that its former Chief Human Resources Officer, Mark Gilstrap, was replaced by Shannon Hobbs, and that American Century entered into the American Century NPA during Ms. Hobbs' tenure.  American Century denies the remaining allegations in Paragraph 14.

15.     American Century denies the allegations in the last sentence of Paragraph 15. The remaining allegations in Paragraph 15 purport to characterize and quote from the American Century NPA, the content of which speaks for itself.

16.     The allegations in Paragraph 16 purport to characterize and quote from the American Century NPA, the content of which speaks for itself.

17.     The allegations in Paragraph 17 purport to characterize the American Century NPA, the content of which speaks for itself.

18.     American Century denies the allegations in Paragraph 18.

19.     American Century lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the second, third, fourth, and fifth sentences of Paragraph 19, and, on that basis, denies them.  The allegations in the seventh sentence of Paragraph 19 purport to characterize non-prosecution agreements, the content of which speaks for itself.  American Century denies the remaining allegations in Paragraph 19.

20. American Century denies the allegations in Paragraph 20 as they pertain to American Century. American Century lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 20, and, on that basis, denies them.

21. American Century denies the allegations in Paragraph 21 as they pertain to American Century. American Century lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 21, and, on that basis, denies them.

22. American Century denies the allegations in Paragraph 22.

23. American Century denies the allegations in Paragraph 23.

24. American Century lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the second, third, fourth, and fifth sentences of Paragraph 24, and, on that basis, denies them. American Century denies the remaining allegations in Paragraph 24.

25. The allegations in Paragraph 25 contain legal conclusions or arguments that require no response.

26. The allegations in Paragraph 26 contain legal conclusions or arguments that require no response.

27. The allegations in Paragraph 27 contain legal conclusions or arguments that require no response.

28. American Century lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 28, and, on that basis, denies them.

29. American Century lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 29, and, on that basis, denies them.

30. American Century lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 30, and, on that basis, denies them.

31. American Century lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 31, and, on that basis, denies them.

32. American Century lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 32, and, on that basis, denies them.

33. American Century lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 33, and, on that basis, denies them.

34. American Century lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 34, and, on that basis, denies them.

35. American Century lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 35, and, on that basis, denies them.

36. American Century lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 36, and, on that basis, denies them.

37. American Century admits the allegations in the first and fourth sentences of Paragraph 37. The allegations in the third sentence of Paragraph 37 purport to characterize the American Century NPA, the content of which speaks for itself. American Century denies the remaining allegations in Paragraph 37.

38. American Century admits the allegations in the first and fourth sentences of Paragraph 38. The allegations in the third sentence of Paragraph 38 purport to characterize the American Century NPA, the content of which speaks for itself. American Century denies the remaining allegations in Paragraph 38.

39.     American Century admits the allegations in the first and fourth sentences of Paragraph 39.  The allegations in the third sentence of Paragraph 39 purport to characterize the American Century NPA, the content of which speaks for itself.  American Century denies the remaining allegations in Paragraph 39.

40.     American Century lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 40, and, on that basis, denies them.

41.     The allegations in the second sentence of Paragraph 41 purport to characterize a website, the content of which speaks for itself.  American Century lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 41, and, on that basis, denies them.

42.     The allegations in Paragraph 42 purport to characterize a publication, the content of which speaks for itself.

43.     American Century denies the allegations in the sixth sentence of Paragraph 43 as they pertain to American Century.   The allegations in the second, third, fourth, and fifth sentences of Paragraph 43 purport to characterize and quote from publications, the content of which speaks for itself.  American Century lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 43, and, on that basis, denies them.

44.     American Century denies the allegations in the first sentence of Paragraph 44. American Century lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the fourth and sixth sentences of Paragraph 44, and, on that basis, denies them. The remaining allegations in Paragraph 44 purport to characterize and quote from publications, the content of which speaks for itself.

45.     American Century lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of Paragraph 45, and, on that basis, denies them. The remaining allegations in Paragraph 45 purport to characterize and quote from a publication, the content of which speaks for itself.

46.     American Century lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 46, and, on that basis, denies them.

47.     American Century denies the allegations in the first sentence of Paragraph 47. American Century admits the remaining allegations in Paragraph 47.

48.     American Century lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 48, and, on that basis, denies them.

49.     American Century denies the allegations in Paragraph 49.

50.     American Century lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 50, and, on that basis, denies them.

51.     American Century lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 51, and, on that basis, denies them.

52.     American Century lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 52, and, on that basis, denies them.

53.     The allegations in the second sentence of Paragraph 53 purport to quote from a publication, the content of which speaks for itself.  American Century lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 53, and, on that basis, denies them.

54.     The allegations in Paragraph 54 purport to characterize and quote from publications, the content of which speaks for itself.

55. American Century lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 55, and, on that basis, denies them. American Century denies the remaining allegations in Paragraph 55.

56. American Century denies the allegations in Paragraph 56.

57. American Century admits that the agreement between American Century Companies, Inc. and another Defendant diminished employee mobility and limited the ability of asset and wealth management professionals to negotiate for better compensation, benefits, and other terms of employment. American Century denies the remaining allegations in Paragraph 57.

58. American Century lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the second sentence of Paragraph 58, and, on that basis, denies them. American Century denies the remaining allegations in Paragraph 58.

59. American Century admits that, between March 2014 and March 2018, American Century Companies, Inc. conspired to suppress and eliminate competition by entering into and managing a bilateral market allocation agreement with another Defendant with which it competes for asset and wealth management professionals not to solicit, recruit, hire, or otherwise compete for each other's employees. American Century denies the remaining allegations in Paragraph 59.

60. American Century admits that, between March 2014 and March 2018, American Century Companies, Inc. conspired to suppress and eliminate competition by entering into and managing a bilateral market allocation agreement with another Defendant with which it competes for asset and wealth management professionals not to solicit, recruit, hire, or otherwise

compete for each other's employees. American Century denies the remaining allegations in Paragraph 60.

61.     American Century denies the allegations in Paragraph 61.

62.     American Century denies the allegations in Paragraph 62.

63.     American Century admits that, between March 2014 and March 2018, American Century Companies, Inc. conspired to suppress and eliminate competition by entering into and managing a bilateral market allocation agreement with another Defendant with which it competes for asset and wealth management professionals not to solicit, recruit, hire, or otherwise compete for each other's employees. American Century denies the remaining allegations in Paragraph 63.

64.     American Century denies the allegations in Paragraph 64.

65.     American Century denies the allegations in Paragraph 65.

66.     American Century admits that it entered into a non-prosecution agreement with the Department of Justice, the content of which speaks for itself. American Century denies the remaining allegations in Paragraph 66 as they pertain to American Century. American Century lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 66 as they pertain to other Defendants, and, on that basis, denies them.

67.     American Century denies the allegations in the first sentence of Paragraph 67. The allegations in the fourth and fifth sentences of Paragraph 67 purport to characterize and quote from a regulatory filing, the content of which speaks for itself. American Century lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 67 and, on that basis, denies them.

68.     American Century lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 68 and, on that basis, denies them.

69.     American Century lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 69 and, on that basis, denies them.

70.     American Century lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 70 and, on that basis, denies them.

71.     American Century lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 71 as they pertain other Defendants and, on that basis, denies them.  To the extent that Paragraph 71 has additional allegations requiring response, American Century denies them.

72.     American Century admits that, between March 2014 and March 2018, American Century Companies, Inc. conspired to suppress and eliminate competition by entering into and managing a bilateral market allocation agreement with another Defendant with which it competes for asset and wealth management professionals not to solicit, recruit, hire, or otherwise compete for each other's employees.  American Century further admits that the agreement between American Century Companies, Inc. and another Defendant diminished employee mobility and limited the ability of employees to negotiate for better compensation, benefits, and other terms of employment.  American Century lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 72 as they pertain to other Defendants, and, on that basis, denies them.

73.     American Century denies the allegations in Paragraph 73.

74.     American Century denies the allegations in Paragraph 74.

75.     American Century denies the allegations in Paragraph 75.

76.     American Century lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 76, and, on that basis, denies them.

77.     American Century lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 77, and, on that basis, denies them.

78.     American Century lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 78, and, on that basis, denies them.

79.     American Century lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 79, and, on that basis, denies them.

80.     American Century denies the allegations in Paragraph 80.

81.     American Century denies the allegations in Paragraph 81.

82.     American Century denies the allegations in Paragraph 82.

83.     The allegations in the second and third sentences of Paragraph 83 purport to characterize and quote from a publication, the content of which speaks for itself.  American Century lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 83.

84.     American Century admits that, between March 2014 and March 2018, American Century Companies, Inc. conspired to suppress and eliminate competition by entering into and managing a bilateral market allocation agreement with another Defendant with which it competes for asset and wealth management professionals not to solicit, recruit, hire, or otherwise compete for each other's employees.  American Century further admits that the agreement between American Century Companies, Inc. and another Defendant diminished employee mobility and limited the ability of asset and wealth management professionals to negotiate for better compensation, benefits, and other terms of employment.  The allegations in the third

sentence of Paragraph 84 purport to characterize and quote from a court filing, the content of which speaks for itself. American Century denies the remaining allegations in Paragraph 84.

85.     American Century denies the allegations in Paragraph 85.

86.     American Century lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 86, and, on that basis, denies them.

87.     American Century denies the allegations in the first sentence of Paragraph 87. American Century lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the second and third sentences of Paragraph 87, and, on that basis, denies them.

88.     American Century denies the allegations in Paragraph 88.

89.     American Century denies the allegations in Paragraph 89.

90.     American Century denies the allegations in Paragraph 90.

91.     American Century lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 91, and, on that basis, denies them.

92.     American Century denies the allegations in Paragraph 92.

93.     American Century denies the allegations in Paragraph 93.

94.     American Century lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the third sentence of Paragraph 94 as they pertain to other Defendants, and, on that basis, denies them. American Century denies the remaining allegations in Paragraph 94.

95.     The allegations in the first two sentences purport to characterize and quote from a website, the content of which speaks for itself. American Century lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 95, and, on that basis, denies them.

96.     American Century denies the allegations in Paragraph 96.

97.     American Century denies the allegations in Paragraph 97.

98.     American Century denies the allegations in Paragraph 98.

99.     American Century lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 99 as they pertain to what Plaintiffs or putative Class members "reasonably considered" and, on that basis, denies them.  To the extent that Paragraph 99 has additional allegations requiring response, American Century denies them.

100.    American Century lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 100 as they pertain to what "would have been important" to Plaintiffs or putative Class members, and, on that basis, denies them.  To the extent that Paragraph 100 has additional allegations requiring response, American Century denies them.

101.    American Century denies the allegations in Paragraph 101.

102.    American Century admits that Plaintiffs purport to bring this action against Defendants on behalf of themselves and a putative class as defined in Paragraph 102, but American Century denies that this action meets the prerequisites for a class action under Federal Rule of Civil Procedure 23.  American Century further denies that Plaintiffs are entitled to any relief from American Century.

103.    American Century admits that the putative class, as defined by Plaintiffs, purportedly excludes the categories of individuals and entities described in Paragraph 103.  To the extent that Paragraph 103 has additional allegations requiring response, American Century denies them.

104.    The allegations in the first sentence of Paragraph 104 contain legal conclusions or arguments that require no response.  To the extent that any response is required, American

Century denies the allegations as they pertain to American Century to the extent that they allege that American Century has current and accurate contact information for all members of the putative class. American Century lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 104 as they pertain to other Defendants, and, on that basis, denies them.

105. The allegations in the first sentence of Paragraph 105 contain legal conclusions or arguments that require no response. To the extent that any response is required, American Century denies the allegations. American Century admits that it employs more than 1,400 employees. American Century lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 105, and, on that basis, denies them.

106. The allegations in the first sentence of Paragraph 106 contain legal conclusions or arguments that require no response. To the extent that any response is required, American Century denies the allegations. American Century denies the remaining allegations in Paragraph 106.

107. The allegations in the first sentence of Paragraph 107 contain legal conclusions or arguments that require no response. To the extent that any response is required, American Century denies the allegations. American Century denies the allegations in the third sentence of Paragraph 107. American Century lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 107, and, on that basis, denies them.

108. The allegations in Paragraph 108 contain legal conclusions or arguments that require no response. To the extent that any response is required, American Century denies the allegations.

109. American Century denies the allegations in Paragraph 109.

110.     The allegations in Paragraph 110 contain legal conclusions or arguments that require no response.  To the extent that any response is required, American Century denies the allegations in Paragraph 110.

111.     American Century repeats its answer to every allegation set forth above as though fully set forth herein.

112.     American Century admits that between March 2014 and March 2018, American Century Companies, Inc. conspired to suppress and eliminate competition by entering into and managing a bilateral market allocation agreement with another Defendant with which it competes for asset and wealth management professionals not to solicit, recruit, hire, or otherwise compete for each other's employees in violation of 15 U.S.C. § 1.  American Century further admits that the agreement between American Century Companies, Inc. and another Defendant diminished employee mobility and limited the ability of asset and wealth management professionals to negotiate for better compensation, benefits, and other terms of employment. American Century denies the remaining allegations in Paragraph 112.

113.     The allegations in the first and second sentences of Paragraph 113 contain legal conclusions or arguments that require no response.  To the extent that any response is required, American Century lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 113, and, on that basis, denies them.  American Century denies the allegations in the third sentence of Paragraph 113.

114.     American Century admits that the agreement between it and another Defendant was not reasonably necessary to any legitimate transaction or collaboration during the period of March 2014 until March 2018.  American Century denies the remaining allegations in Paragraph 114.

115.     The allegations in Paragraph 115 contain legal conclusions or arguments that require no response.

116.     American Century lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 116, and, on that basis, denies them.

117.     The allegations in Paragraph 117 contain legal conclusions or arguments that require no response.  To the extent that any response is required, American Century admits that the agreement between it and another Defendant was not reasonably necessary to any legitimate transaction or collaboration during the period of March 2014 until March 2018, but denies the remaining allegations.

118.     The allegations in Paragraph 118 purport to quote from a court filing, the content of which speaks for itself.

119.     American Century denies the allegations in Paragraph 119.

120.     American Century denies the allegations in Paragraph 120.

121.     American Century denies the allegations in Paragraph 121.

122.     American Century admits that between March 2014 and March 2018, American Century Companies, Inc. conspired to suppress and eliminate competition by entering into and managing a bilateral market allocation agreement with another Defendant with which it competes for asset and wealth management professionals not to solicit, recruit, hire, or otherwise compete for each other's employees in violation of 15 U.S.C. § 1.  American Century further admits that the agreement between American Century Companies, Inc. and another Defendant diminished employee mobility and limited the ability of asset and wealth management professionals to negotiate for better compensation, benefits, and other terms of employment. American Century denies the remaining allegations in Paragraph 122.

123.     American Century repeats its answer to every allegation set forth above as though fully set forth herein.

124.     American Century admits that, between March 2014 and March 2018, American Century Companies, Inc. conspired to suppress and eliminate competition by entering into and managing a bilateral market allocation agreement with another Defendant with which it competes for asset and wealth management professionals not to solicit, recruit, hire, or otherwise compete for each other's employees in violation of 15 U.S.C. § 1.  American Century denies the remaining allegations in Paragraph 124.

125.     The allegations in the first and second sentences of Paragraph 125 contain legal conclusions or arguments that require no response.  To the extent that any response is required, American Century lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 125, and, on that basis, denies them.  American Century denies the allegations in the third sentence of Paragraph 125.

126.     American Century admits that the agreement between it and another Defendant was not reasonably necessary to any legitimate transaction or collaboration during the period of March 2014 until March 2018.  American Century denies the remaining allegations in Paragraph 126.

127.     The allegations in Paragraph 127 contain legal conclusions or arguments that require no response.  To the extent that any response is required, American Century denies the allegations.

128.     The allegations in the first sentence of Paragraph 128 contain legal conclusions or arguments that require no response.  To the extent that any response is required, American Century denies the allegations.  American Century admits that, between March 2014 and March

2018, American Century Companies, Inc. conspired to suppress and eliminate competition by entering into and managing a bilateral market allocation agreement with another Defendant with which it competes for asset and wealth management professionals not to solicit, recruit, hire, or otherwise compete for each other's employees. American Century denies the remaining allegations in the second sentence of Paragraph 128. American Century lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the third sentence of Paragraph 128, and, on that basis, denies them.

129.    American Century denies the allegations in Paragraph 129.

130.    American Century denies the allegations in Paragraph 130.

131.    American Century denies the allegations in Paragraph 131.

132.    American Century admits that between March 2014 and March 2018, American Century Companies, Inc. conspired to suppress and eliminate competition by entering into and managing a bilateral market allocation agreement with another Defendant with which it competes for asset and wealth management professionals not to solicit, recruit, hire, or otherwise compete for each other's employees in violation of 15 U.S.C. § 1. American Century further admits that the agreement between American Century Companies, Inc. and another Defendant diminished employee mobility and limited the ability of asset and wealth management professionals to negotiate for better compensation, benefits, and other terms of employment. American Century denies the remaining allegations in Paragraph 132.

133.    American Century repeats its answer to every allegation set forth above as though fully set forth herein.

134.    American Century admits that, between March 2014 and March 2018, American Century Companies, Inc. conspired to suppress and eliminate competition by entering into and

managing a bilateral market allocation agreement with another Defendant with which it competes for asset and wealth management professionals not to solicit, recruit, hire, or otherwise compete for each other's employees. American Century denies the remaining allegations in Paragraph 134.

135. The allegations in the first and second sentences of Paragraph 135 contain legal conclusions or arguments that require no response. To the extent that any response is required, American Century lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 135, and, on that basis, denies them. American Century denies the allegations in the third sentence of Paragraph 135.

136. American Century admits that the agreement between it and another Defendant was not reasonably necessary to any legitimate transaction or collaboration during the period of March 2014 until March 2018. American Century denies the remaining allegations in Paragraph 136.

137. American Century denies the allegations in Paragraph 137.

138. American Century denies the allegations in Paragraph 138.

139. American Century admits that between March 2014 and March 2018, American Century Companies, Inc. conspired to suppress and eliminate competition by entering into and managing a bilateral market allocation agreement with another Defendant with which it competes for asset and wealth management professionals not to solicit, recruit, hire, or otherwise compete for each other's employees in violation of 15 U.S.C. § 1. American Century further admits that the agreement between American Century Companies, Inc. and another Defendant diminished employee mobility and limited the ability of asset and wealth management

professionals to negotiate for better compensation, benefits, and other terms of employment. American Century denies the remaining allegations in Paragraph 139.

140.     American Century repeats its answer to every allegation set forth above as though fully set forth herein.

141.     American Century denies the allegations in Paragraph 141.

142.     American Century admits that the agreement between American Century Companies, Inc. and another Defendant diminished employee mobility and limited the ability of asset and wealth management professionals to negotiate for better compensation, benefits, and other terms of employment.  American Century denies the remaining allegations in Paragraph 142.

143.     American Century denies the allegations in Paragraph 143.

144.     American Century denies the allegations in Paragraph 144.

145.     American Century admits that between March 2014 and March 2018, American Century Companies, Inc. conspired to suppress and eliminate competition by entering into and managing a bilateral market allocation agreement with another Defendant with which it competes for asset and wealth management professionals not to solicit, recruit, hire, or otherwise compete for each other's employees in violation of 15 U.S.C. § 1.  American Century further admits that the agreement between American Century Companies, Inc. and another Defendant diminished employee mobility and limited the ability of asset and wealth management professionals to negotiate for better compensation, benefits, and other terms of employment. American Century denies the remaining allegations in Paragraph 145.

146.     American Century repeats its answer to every allegation set forth above as though fully set forth herein.

147.     The allegations in Paragraph 147 contain legal conclusions or arguments that require no response.  To the extent that any response is required, American Century denies the allegations.

148.     American Century denies the allegations in Paragraph 148.

149.     American Century denies the allegations in Paragraph 149.

150.     American Century admits that the agreement between American Century Companies, Inc. and another Defendant diminished employee mobility and limited the ability of asset and wealth management professionals to negotiate for better compensation, benefits, and other terms of employment.  American Century denies the remaining allegations in Paragraph 150.

151.     American Century denies the allegations in Paragraph 151.

152.     American Century denies that Plaintiffs are entitled to any relief, either individually or on behalf of a putative class.

## **DEFENSES**

Without assuming any burden that it would not otherwise bear, American Century alleges the following additional and/or affirmative defenses.  American Century reserves the right to assert further defenses as the case proceeds.  American Century reserves the right to amend this Answer to add, delete, or modify defenses based upon legal theories that may or will be divulged through clarification of the Amended Complaint, through discovery, or through further analysis of Plaintiffs' position in this litigation.

1.     Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations and/or repose.

2.     Plaintiffs' claims are barred, in whole or in part, due to the absence of any injury or damage for which American Century's actions, conduct, or omissions were the proximate cause.

Dated:  August 8, 2024

Respectfully submitted,

*/s/ Jeff Morris*
Jeffrey D. Morris, KS Bar No. 16123
BERKOWITZ OLIVER LLP
2600 Grand Boulevard, Ste. 1200
Kansas City, MO 64108
Telephone: 816-561-7007
Facsimile: 816-561-1888
jmorris@berkowitzoliver.com


John E. Schmidtlein (admitted *pro hac vice*)
Brian T. Gilmore (admitted *pro hac vice*)
McKayla R. Stokes-Robinson (admitted *pro hac vice*)
WILLIAMS & CONNOLLY LLP
680 Maine Avenue S.W.
Washington, D.C. 20024
Telephone: (202) 434-5000
Facsimile: (202) 434-5029
jschmidtlein@wc.com
bgilmore@wc.com
mrobinson@wc.com

*Counsel for the American Century Defendants*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 8th day of August, 2024, a copy of the foregoing in the above-captioned case was delivered to counsel of record via ECF.

_/s/ Jeff Morris_
Jeff Morris