**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**JAKOB TOBLER,**
**MICHELLE MCNITT,**

**Plaintiffs,**

**v.**

**1248 HOLDINGS, LLC f/k/a BICKNELL FAMILY HOLDING COMPANY; MARINER WEALTH ADVISORS, LLC f/k/a MARINER HOLDINGS, LLC; MONTAGE INVESTMENTS, LLC; MARINER, LLC f/k/a MARINER WEALTH ADVISORS, LLC; MARINER CAPITAL ADVISORS, LLC; TORTOISE CAPITAL ADVISORS, LLC; TORTOISEECOFIN PARENT HOLDCO LLC; AMERICAN CENTURY COMPANIES, INC.; AMERICAN CENTURY SERVICES, LLC; AMERICAN CENTURY INVESTMENT MANAGEMENT, INC.; and DOES 1-10,**

**Defendants.**

**Case No. 24-2068-EFM-GEB**

**ORDER**

This matter comes before the Court on Plaintiffs' Oral Motion to Compel (ECF No. 117) and the parties' Joint Oral Motion to Amend Scheduling Order (ECF No. 118). Plaintiffs informally sought a discovery conference related to Defendants' responses to their First Set of Requests for Production of Documents. A Joint Oral Motion for Discovery Conference was filed (ECF No. 109) and granted (ECF No. 110). The parties submitted a Joint Status Report regarding discovery and other issues in the case on March 24, 2025

(ECF No. 111). Additionally, the parties submitted position statements with relevant caselaw and exhibits in support, copies of conferral correspondence, and the discovery responses at issue. The Court held a discovery conference on April 17, 2025. Plaintiffs appeared through counsel George Hanson and Stefon David. The Mariner Defendants appeared through counsel Jonathan King, Michael Pullos, Daniel Blegen, and Devin Carpenter. The Tortoise Defendants appeared through counsel Terrence Campbell and Matthew Rogers. The American Century Defendants appeared through counsel Jeffrey Morris, McKayla Stokes-Robinson, Biruktawit "Birdy" Assefa, and Mark Aneke. Having reviewed the materials submitted, the relevant caselaw, and having heard the argument of counsel, the Court grants in part and denies in part Plaintiffs' Motion to Compel **(ECF No. 117)** and grants the parties' Joint Oral Motion to Amend Scheduling Order **(ECF No. 118)** for the reasons set forth below.

**Extension of Relevant Temporal Scope**

The Court addressed the relevant time period for discovery in this matter in its December 18, 2024 Order (ECF No. 90) setting the period from January 1, 2011 through December 31, 2020. Plaintiffs, in their position papers, sought to extend the relevant period for all discovery to five years pre-conduct (i.e., January 1, 2009 through December 31, 2020) and for compensation related discovery only to five years post-conduct as well (i.e., January 1, 2009) through present. During the conference, Plaintiffs rescinded their request for five years pre-conduct on all discovery and limited the request to compensation related discovery. Because the compensation information sought is related to the Plaintiffs' damages, the Court denied the request as premature and reiterated the issue could be raised

again during merits discovery.

**Discovery Regarding Non-Defendant Companies with whom Defendants May Have No Hire Agreements**

This issue is encompassed in Plaintiffs' Request for Production Numbers 1, 3-4, 10-21, 23, 27-30, 34-35, 40, 48, 52-53. All Defendants object that the requests seek information which is not relevant, is unduly burdensome, and/or is not proportional to the needs of the case. Despite their objections, the Tortoise Defendants have reached an agreement with Plaintiffs on this issue. They have agreed to the addition of "Vantage Investment Partners" to their ESI search terms, thereby leaving no remaining issues for the Court to address on this issue as between Plaintiffs and the Tortoise Defendants.

Plaintiffs sought to add certain companies identified in various drafts of a Recruiting Effectiveness 2013 Plan produced by the American Century Defendants and from a No Hire Policy produced by the Mariner Defendants to the Defendants' ESI search terms. The Court reviewed certain agreements produced in support of Defendants' position statements and found any no hire agreements which are reciprocal and/or institute a complete ban on hiring from another firm are relevant. Specifically, the Court overruled the relevance objections regarding UMB, Waddell & Reed, Fidelity Wealth Advisor Solutions/Fidelity Brokerage Services, TD Ameritrade, Moneta Group, and Carson Wealth Management.

Based upon the relevance of the documents sought to the claims at issue and due to the narrowed scope from the Court's rulings on relevance, the Court overruled the American Century Defendants' objection of undue burden. Addressing the relevant factors as discussed on the record finding all weighed in favor of finding the production, as

narrowed based upon the Court's rulings on relevance, the Court found they were proportional to the needs of the case and overruled the proportionality and undue burden objections of the Mariner Defendants.

The American Century Defendants shall add UMB and Waddell & Reed to its ESI search terms, and the Mariner Defendants shall add Fidelity Wealth Advisor Solutions/Fidelity Brokerage Services, TD Ameritrade, Moneta Group, and Carson Wealth Management to its ESI search terms. The Defendants shall produce the documents from their ESI search terms, as modified by the Court's rulings, by **May 15, 2025**. The parties are encouraged to continue to confer regarding narrowing their search terms in compliance with the Court's rulings and Plaintiff's needs for class certification discovery to ensure Defendants are able to meet this deadline.

**Correspondence Between Defendants and the Department of Justice ("DOJ") and Non-Privileged Internal Communications Regarding the DOJ Investigation**

Plaintiffs, in response to their Requests for Production numbers 3 and 6, sought correspondence between the Defendants and the DOJ regarding any alleged agreement with competing employers regarding recruiting, hiring, solicitation, or compensation of employees as well as any non-privileged internal communications of Defendants regarding the DOJ investigation. During the conference, Plaintiffs agreed to withdraw their request for the internal communications acknowledging many would be attorney-client privileged or attorney work product. After discussion the Court overruled the Defendants' relevance objections regarding the communications with the DOJ and found Defendants had not met their burden to show either undue burden or that the information sought was not

proportional to the needs of the case. The production of these documents is limited to the relevant temporal scope previously set by the Court. The parties are encouraged to continue to confer regarding full production of the external communications and to work through any privilege issues. Defendants shall produce responsive documents as well as any necessary privilege logs no later than **May 15, 2025.**

**Remaining Schedule**

After discussion the Court extended the deadlines as follows:

- Plaintiffs' to Respond to Defendants' Conferral Letters Regarding their Responses to Defendants' Written Discovery – **May 15, 2025;**
- Completion of Discovery for Class Certification – **June 13, 2025**;
- Motions for Leave to Amend – **July 25, 2025**;
- Plaintiffs' Motion for Class Certification – **August 29, 2025**;
- Defendants' Opposition to Class Certification – **October 17, 2025**; and
- Plaintiffs' Reply in Support of Class Certification – **November 7, 2025**.

Additionally, the Court sets its final pre-motion discovery conference for **May 30, 2025 at 10:00 a.m. via Zoom.** The parties shall submit position statements with citation to relevant case law, limited to five pages; copies of relevant conferral correspondence; and copies of any relevant discovery responses not previously provided to chambers no later than **May 21, 2025**. The parties are warned if they continue to raise issues previously addressed by this Court, the Court will consider the assessment of sanctions.

For the reasons set forth above, **IT IS THEREFORE ORDERED** Plaintiffs'

Motion to Compel **(ECF No. 117)** is **granted in part and denied in part** and the parties' Joint Oral Motion to Amend Scheduling Order **(ECF No. 118)** is **granted** extending the deadlines as set forth above.

**IT IS FURTHER ORDERED** a pre-motion discovery conference is scheduled for **May 30, 2025 at 10:00 a.m. via Zoom** with the materials set forth above due to chambers no later than **May 21, 2025**.

IT IS SO ORDERED.

Dated April 21, 2025, at Wichita, Kansas.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
U.S. Magistrate Judge