# EXHIBIT 1

## SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT (the "Settlement Agreement" or "Settlement") is made and entered into on July 28, 2025, by and between: (a) Jakob Tobler and Michelle McNitt (collectively, the "Named Plaintiffs", or "Class Representatives") individually and on behalf of a class of individuals they seek to represent for purposes of this Settlement ("Settlement Class"), on the one hand, and (b) 1248 Holdings, LLC, Mariner Wealth Advisors, LLC (f/k/a Mariner Holdings, LLC), Montage Investments, LLC and its related entities (including the company formerly known as Mariner Holdings, LLC, as well as companies in which Montage Investments LLC or Mariner Holdings LLC had a direct or indirect ownership interest of greater than or equal to 50%) Mariner LLC (f/k/a Mariner Wealth Advisors, LLC), Mariner Capital Advisors, LLC, Tortoise Capital Advisors, L.L.C., TortoiseEcofin Parent Holdco LLC, Ecofin Advisors, LLC, Tortoise Credit Strategies, LLC, Tortoise Investment Partners, LLC, Tortoise Index Solutions, LLC, TortoiseEcofin Investments Partners, LLC, Tortoise Securities, LLC, TI Services, LLC, Tortoise Parent Holdco, LLC, Tortoise Investments, LLC, American Century Services, LLC, American Century Investment Management, Inc., and American Century Companies, Inc., (collectively "Settling Defendants") (together, the "Settling Parties"), on the other hand. This Settlement Agreement is intended by the Settling Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims, as defined herein, upon and subject to the terms and conditions hereof.

**WHEREAS**, Jakob Tobler and Michelle McNitt are the proposed Class Representatives in the action captioned *Tobler et al. v. 1248 Holdings, LLC et al.*, Case No. 2:24-CV-02068-EFM-GEB, in the United States District Court for the District of Kansas;

**WHEREAS**, on July 18, 2024, Named Plaintiffs filed a First Amended Complaint (Dkt. 50) that alleges that Defendants and other unnamed co-conspirators agreed and conspired to refrain from

competition when it came to hiring and recruiting each other's employees;

**WHEREAS**, the First Amended Complaint further alleges, among other things, that, as a result of the agreement and conspiracy, Named Plaintiffs and the putative class, including members of the Settlement Class, suffered monetary damages;

**WHEREAS**, Named Plaintiffs and Settling Defendants have engaged in substantial arm's-length negotiations in an effort to resolve all claims that have been, or could have been, asserted in the Action by Named Plaintiffs or members of the Settlement Class, including through confidential mediation discussions, which negotiations have resulted in this Settlement Agreement;

**WHEREAS**, Defendants have denied that this case should be certified as a class action, and have denied the conspiracy as it is alleged in the First Amended Complaint;

**WHEREAS**, based on their analysis of the merits of the claims and the benefits provided to the Settlement Class by the Settlement Agreement, including an evaluation of a number of factors including the substantial risks of continued litigation and the possibility that the litigation if not settled now might not result in any recovery whatsoever for the Settlement Class or might result in a recovery that is less favorable to the Settlement Class, Named Plaintiffs and Class Counsel believe that it is in the interest of all members of the Settlement Class to resolve finally and completely their claims against Defendants and that the terms of the Settlement Agreement are in the best interests of the Settlement Class and are fair, reasonable, and adequate within the meaning of Rule 23 of the Federal Rules of Civil Procedure;

**WHEREAS,** while Settling Defendants continue to deny that they are liable for the claims asserted against them in the Action, they have nevertheless agreed to enter into this Settlement Agreement to avoid the further risk, expenses, inconvenience, and distraction of burdensome and protracted litigation, and thereby put fully to rest this controversy, to avoid the risks inherent in complex litigation, and to obtain a complete dismissal of the claims asserted in the Action; and

**NOW, THEREFORE**, in consideration of the promises, agreements, covenants, representations, warranties, and releases set forth herein, and other good and valuable consideration provided for herein, the Settling Parties agree, subject to the approval of the Court, to a full, final, and complete settlement of the Action on the following terms and conditions, and that the Action be dismissed with prejudice as to the Settling Defendants and the other Released Parties, as defined herein, and the releases and covenants not to sue be extended, as set forth herein:

I.  **GENERAL TERMS OF THE SETTLEMENT AGREEMENT**

    A.  **Definitions**

In addition to terms identified and defined elsewhere in this Settlement Agreement, and as used herein, the terms below shall have the following meanings:

    1.  "Action" means the lawsuit captioned *Tobler et al. v. 1248 Holdings, LLC et al.*, Case No. 2:24-CV-02068-EFM-GEB, in the United States District Court for the District of Kansas at Kansas City.

    2.  "Attorneys' Fees and Expenses" means the amounts approved by the Court for payment to Class Counsel, including attorneys' fees, costs, and litigation expenses, as described in Section VII.A herein, which amounts are to be paid solely from the Settlement Fund.

    3.  "Class Counsel" means the law firms of Stueve Siegel Hanson LLP, and Rowdy Meeks Legal Group LLC.

    4.  "Class Member" or "Settlement Class Member" means any person who meets the "Settlement Class" definition below and who has not timely and properly opted out of the Settlement.

    5.  "Court" means the United States District Court for the District of Kansas at Kansas City.

    6.  "Defendants" mean the entities named as defendants in the First Amended Complaint.

    7.  "Effective Date" has the meaning specified in Section II.G, *infra*.

8.      "Escrow Agent" means The Huntington National Bank, which, assuming it agrees to do so, shall enter into an Escrow Agreement to carry out the tasks more fully detailed in that agreement, including to receive, hold, invest, and disburse the Settlement Fund, subject to the direction of the Notice Administrator. The Parties may replace The Huntington National Bank with another mutually agreeable financial institution.

9.      "Final Approval" means the order of the Court granting final approval of the Settlement Agreement pursuant to Federal Rule of Civil Procedure 23(e).

10.     "Final Approval Hearing" or "Fairness Hearing" means the hearing at which the Court will consider Named Plaintiffs' motion for judgment and final approval of the Settlement.

11.     "First Amended Complaint" means the Complaint filed in the Action on July 18, 2024 (Dkt. 50). Named Plaintiffs" and "Class Representatives" mean Jakob Tobler and Michelle McNitt.

12.     "Notice" means the Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing, in a form to be agreed by the Settling Parties, which will be provided to the Settlement Class. The Proposed Notice is attached hereto as Exhibit A.

13.     "Notice Administrator" means the entity which has been designated to provide notice to the Class and administer the Settlement Fund pursuant to Section II.A below and by order of the Court.

14.     "Order and Final Judgment of Dismissal" means the Order which shall be entered by the Court that has not been reversed, vacated, materially modified, or dismissed on appeal in whole or in part and that is no longer appealable, approving the Settlement Agreement, certifying the Settlement Class set forth in this Settlement Agreement, and dismissing with prejudice the claims of the Class Plaintiffs and all Settlement Class Members against Defendants.

15.     "Plaintiffs" means the Named Plaintiffs and the Settlement Class, collectively.

16.     "Plan of Allocation" means the formula by which the Settlement Fund shall be

distributed to Settlement Class Members as well as the timing and other aspects of the distribution. The Proposed Plan of Allocation is attached hereto as Exhibit B.

17.     "Plan of Notice" means the plan for distributing the Notice to Settlement Class Members.

18.     "Preliminary Approval" means the Court's Order preliminarily approving the Settlement, the Plan of Notice, the form of Notice, the Plan of Allocation, and other related matters.

19.     "Protective Order" means the Stipulated Protective Order entered in the Action (Dkt. 73).

20.     "Released Claims" has the meaning specified in Section V *infra*.

21.     "Released Parties" means the Settling Defendants and all of their respective current and former parents, subsidiaries, divisions, stockholders, insurers, agents, employees, trustees, officers, directors, partners, attorneys, affiliates, trusts, and governing bodies (and the predecessors, heirs, executors, administrators, successors, purchasers, and assigns of each of the foregoing).

22.     "Releasor" shall mean the Named Plaintiffs and each Settlement Class Member, each of their respective current and former heirs, executors, administrators, and assigns, and anyone claiming by or through any of the foregoing, regardless of whether any Named Plaintiff or Settlement Class Member receives a payment pursuant to the Settlement Agreement.

23.     "Settlement," "Agreement," and "Settlement Agreement" each mean the instant settlement terms agreed to by the Settling Parties as reflected in this Settlement Agreement and attachments hereto.

24.     "Settlement Class" means all natural persons employed by any of the Settling Defendants or any entity directly or indirectly owned by any Settling Defendant at any time from January 1, 2012 to December 31, 2020 ("Settlement Class Period")."  Excluded from the class are members of the board of directors, C-suite level executives of any of the Settling Defendants, and

employees of Settling Defendants who resided outside the United States for the entire Settlement Class time period.

25.     "Settlement Fund" is the account set up by the Escrow Agent into which the Settlement Payment is paid.

26.     "Settlement Payment" means the sum of Twenty-five million five hundred thousand dollars ($25,500,000) that Settling Defendants shall pay or cause to be paid as described in Section III.4. to be held, invested, administered, and disbursed pursuant to this Settlement Agreement.

27.     "Settling Defendants" mean 1248 Holdings, LLC, Mariner Wealth Advisors, LLC (f/k/a Mariner Holdings, LLC),  Montage Investments, LLC and its related entities (including the company formerly known as Mariner Holdings, LLC, as well as companies in which Montage Investments, LLC or Mariner Holdings, LLC had a direct or indirect ownership interest of greater than or equal to 50%), Mariner, LLC (f/k/a Mariner Wealth Advisors, LLC), Mariner Capital Advisors, LLC, Tortoise Capital Advisors, L.L.C., TortoiseEcofin Parent Holdco LLC, Ecofin Advisors, LLC, Tortoise Credit Strategies, LLC, Tortoise Investment Partners, LLC, Tortoise Index Solutions, LLC, TortoiseEcofin Investments Partners, LLC, Tortoise Securities, LLC, TI Services, LLC, Tortoise Parent Holdco, LLC, Tortoise Investments, LLC, American Century Services, LLC, American Century Investment Management, Inc., and American Century Companies, Inc.

28.     "Settling Defendants' Counsel" means the law firms of Williams & Connolly LLP, Berkowitz Oliver LLP, DLA Piper LLP, Spencer Fane LLP, and Barber Emerson, L.C.

29.     "Settling Parties" means the Named Plaintiffs and the Settling Defendants.

**B.     <u>Best Efforts to Effectuate the Settlement</u>**

Named Plaintiffs and Settling Defendants agree to cooperate and work together in good faith to effectuate the Settlement, including after it has received Final Approval, as set forth in Section II.F. This cooperation includes Settling Defendants sharing with Class Counsel and the Notice

Administrator employment information and compensation data necessary to effectuate the equitable allocation and distribution of the Settlement Fund to eligible members of the Settlement Class, including information to permit the Notice Administrator to perform necessary tax withholdings and reporting.

## II.   **COURT APPROVAL OF SETTLEMENT AND CLASS NOTICE**

### A.   **Retention of Notice Administrator**

Class Counsel shall retain a reputable and experienced Notice Administrator, which shall be responsible for the notice administration process, calculation of payments to Settlement Class Members based on the Plan of Allocation approved by the Court, distributions to Settlement Class Members, withholding and paying applicable taxes, and other duties as provided herein. Class Counsel shall obtain approval by the Court of the choice of Notice Administrator. The Notice Administrator shall sign and be bound by the Protective Order entered in the Action. The fees and expenses of the Notice Administrator shall be paid exclusively out of the Settlement Fund. Prior to the Effective Date, expenses incurred by the Notice Administrator relating to this Settlement and approved by the Court shall be paid solely from the Settlement Fund, as set forth in Section VII.B., upon invoice to Class Counsel. In no event shall Settling Defendants be separately responsible for fees or expenses of the Notice Administrator.

### B.   **Preliminary Approval and Notice of Settlement**

1.      Named Plaintiffs and the Settlement Class, by and through Class Counsel, shall file with the Court, promptly after the execution of this Settlement Agreement, a motion for Preliminary Approval of the Settlement, which shall include a motion for certification of the Settlement Class, a Proposed Preliminary Approval Order, a proposed Notice, and a Plan of Allocation.

2.      Settling Defendants shall have the right to review and comment on the motion for

preliminary approval. Class Counsel shall consider any such comments in good faith.

3.      Settling Defendants shall provide timely notice of the motion for preliminary approval pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715(b).

4.      Class Counsel shall propose, and Settling Defendants shall not oppose, that the Notice be disseminated by publication (through U.S mail, print, email, and/or online notices) or such other method using a methodology developed by the Notice Administrator. The notice shall direct Settlement Class Members to a website to be administered by the Notice Administrator which shall provide additional information.  Settling Defendants shall have the right to review and comment on the content of the website, and Class Counsel shall provide Settling Defendants with reasonable time to conduct such review. Class Counsel shall consider any such comments in good faith, and shall not unreasonably reject such comments. Class Counsel shall be responsible for obtaining and submitting to the Court evidence sufficient to demonstrate the adequacy of the Plan of Notice.

5.      In the event that the Court preliminarily approves the Settlement, within fourteen days Settling Defendants will provide the Notice Administrator an updated list of current or most-recently known names, addresses, and e-mail address information for all Settlement Class Members. Class Counsel shall, in accordance with Rule 23(c)(2) of the Federal Rules of Civil Procedure, direct the Notice Administrator approved by the Court to provide the Class with Notice as ordered by the Court. Class Counsel shall provide Settling Defendants with four business days' notice before Notice is disseminated to the Settlement Class.

**C.      Certification of Settlement Class**

Solely for purposes of the Settlement, the Parties stipulate and agree to (a) certification of the Action as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class; (b) certification of Named Plaintiffs as Class Representatives; and (c) appointment of Class Counsel pursuant to Rule 23(g) of the Federal Rules of Civil Procedure. Such

stipulation and agreement shall not constitute any admission or acknowledgement by the Settling

Defendants that certification of a class for trial or for any other purpose is appropriate.  Settling

Defendants retain all of their objections, arguments, and defenses with respect to any other request for

class certification, and reserve all rights to contest class certification if the Settlement Agreement does

not receive the Court's final approval, if the Court's approval is reversed or vacated on appeal, if this

Settlement Agreement is terminated, as provided herein, or if the Settlement set forth in this Agreement

otherwise fails to proceed for any other reason.  The Parties acknowledge that there has been no

stipulation to a class or certification of a class for any purpose other than effectuating the Settlement,

and neither this Agreement nor any other Settlement-related statement may be cited in support of an

argument for certifying a class related to this proceeding.

### D.  **Objections**

Unless the Court provides otherwise, objections to the Settlement, if any, must be submitted in

writing, and must include a detailed description of the basis of the objection. Objections must be

provided to the Notice Administrator, who shall provide copies to Class Counsel and Settling

Defendants' Counsel, and objections must be postmarked on or before a date certain to be specified in

the Notice, which shall be thirty (30) days after the Notice was initially sent to Settlement Class

Members. No one may appear at the Final Approval Hearing for the purpose of objecting to the

Settlement without first having filed and served his or her objection(s) in writing postmarked on or

before thirty (30) days after the Notice was sent to Settlement Class Members.

### E.  **Opt-Out Period**

1.      Settlement Class Members who are entitled, and wish, to opt out of the Settlement

Class must complete and timely submit to the Notice Administrator a request for exclusion. To be

effective, such requests for exclusion must state the Settlement Class Member's full legal name and

address, the approximate dates of his or her employment with any Settling Defendant, and include a

statement that the Settlement Class Member wants to be excluded from the Settlement.

2.      All requests for exclusion must be signed and dated by the Settlement Class Member or his or her legal representative, and must be (1) mailed to the Notice Administrator via First Class United States Mail and postmarked by a date certain to be specified in the Notice, which shall be 30 calendar days after the Notice Administrator makes the initial mailing of the Notice; or (2) received by the Notice Administrator by that date, provided, however, that if a Settlement Class Member mails the Opt-Out Statement pursuant to option (1), it shall be effective only if received by the Notice Administrator on or before ten (10) calendar days after the end of the Opt-Out Period. The end of the "Opt-Out Period" shall be thirty (30) calendar days after the Notice Administrator makes the initial mailing.

3.      Within ten (10) calendar days after the end of the Opt-Out Period, the Notice Administrator shall provide to all counsel for the Settling Parties all opt-out statements that are timely received and shall prepare a summary of the opt outs to be filed with the Court, which shall include the total number of Settlement Class Members who have opted out.

4.      Individuals who opt out are not entitled to any monetary award under the Settlement and cannot object to the Settlement.  With respect to any member of the Settlement Class who requests exclusion, Settling Defendants reserve all rights and defenses.

5.      The Settling Parties, Class Counsel, and Settling Defendants' Counsel shall not solicit or encourage any Settlement Class Member to opt out of the Settlement Class. Under no circumstances shall the Settling Parties, Class Counsel, or Settling Defendants' Counsel solicit or encourage any Settlement Class Member to object to the Settlement.

6.      Each Settling Defendant shall have the unilateral option to terminate the Settlement Agreement if the "Opt Out Threshold" is met.  The Opt Out Threshold is met if: (1) total cash compensation paid to the individuals who timely and validly opted out of the Settlement exceeds ███

of the total cash compensation paid to all members of the Settlement Class; or (2) the headcount of individuals who timely and validly opt out of the Settlement exceeds ▮▮ of the headcount of all members of the Settlement Class.

7.     For purposes of assessing and estimating the Opt Out Threshold, the Settling Parties shall meet and confer to assess whether or not the Opt Out Threshold has been met based on the employee compensation data produced by Defendants in this Action to date.

8.     If a Settling Defendant seeks to terminate the Settlement Agreement on the basis that the Opt Out Threshold has been met, the Parties agree that any dispute as to whether the Opt Out Threshold has been met will be resolved through the binding, non-appealable decision of retired Judge Layne Phillips or any member of his team, notwithstanding that the Settlement Agreement will have been filed with and preliminarily approved by the Court.

9.     To exercise the option to terminate the Settlement Agreement, counsel must provide Class Counsel with written notice no later than twenty eight (28) days prior to the Fairness Hearing. The Settling Parties will use their best efforts to complete the dispute resolution process pursuant to Paragraph 3 above at least seven (7) days before the Fairness Hearing.

   **F.     Final Approval**

1.     The Final Approval Hearing shall be noticed for no earlier than 100 days from the date of Preliminary Approval to allow Defendants sufficient time to complete their obligations under the Class Action Fairness Act and also no earlier than 70 days from the date on which the Notice Administrator sent the Notice to Class Members.

2.     Prior to the Final Approval Hearing, on the date set by the Court, Named Plaintiffs, through Class Counsel, shall submit a motion for final approval by the Court of the Settlement, including requesting the entry of an order certifying the Settlement Class, and the entry of an Order of Final Judgment and Dismissal that:

       a.      finds the Settlement and its terms to be fair, reasonable and adequate within the meaning of Rule 23(e) of the Federal Rules of Civil Procedure and directing its consummation pursuant to its terms;

       b.      finds that the Notice given constitutes due, adequate and sufficient notice, and meets the requirements of due process and any applicable laws;

       c.      provides for any service payments from the Settlement Fund to Named Plaintiffs in addition to whatever monies they shall receive from the Settlement Fund pursuant to the Court-approved Plan of Allocation;

       d.      provides for payment of Attorneys' Fees and Expenses from the Settlement Fund;

       e.      sets forth the method for allocating the Settlement Fund (set forth in the Plan of Allocation);

       f.      directs that the Action be dismissed with prejudice as against Settling Defendants, without costs to the Parties;

       g.      approves the release of claims specified herein as binding and effective as to all Settlement Class Members and permanently bars and enjoins all Settlement Class Members from asserting any Released Claims;

       h.      reserves exclusive and continuing jurisdiction over the Settlement, including the Settlement Fund and the administration, enforcement, consummation, and interpretation of this Settlement Agreement; and

       i.      directs that an Order and Final Judgment of Dismissal be entered as between the Parties in the Action.

      3.      Settling Defendants shall have the right to review and comment on the motion for final approval. Class Counsel shall consider any such comments in good faith.

4.      If required by the Court in connection with approval of the Settlement, the Parties agree to accept non-material or procedural changes to this Settlement Agreement.  However, the Parties are not obligated to accept any changes in the Settlement Payment or any other substantive change to their respective obligations.

G.      **Effective Date of the Settlement**

The Settlement shall become final and effective upon the occurrence of all of the following ("Effective Date"):

1.      The Settlement has not been terminated and receives Final Approval by the Court as required by Rule 23(e) of the Federal Rules of Civil Procedure;

2.      Entry is made of the Order and Final Judgment of Dismissal; and

3.      Completion of any appeal(s) from the Court's Order and Final Judgment of Dismissal and/or Order Granting Final Approval of the Settlement (including any such order on remand from a decision of an appeals court, or at the time for any such appeals to have lapsed), provided, however, that no party shall cite any modification or reversal on appeal of any amount of the fees and expenses awarded by the Court from the Settlement Fund, or the amount of any service award to Named Plaintiffs, by itself as a reason to prevent this Settlement from becoming final and effective if all other aspects of the final judgment have been affirmed.  If no appeal is filed from the Court's order finally approving the Settlement under Rule 23(e) of the Federal Rules of Civil Procedure, the Effective Date shall be the date on which the time for any such appeal has lapsed.

III.    **CONSIDERATION FOR SETTLEMENT**

1.      Settling Defendants shall pay or cause to be paid the Settlement Payment into the Settlement Fund as consideration for the Settlement in accordance with the following paragraphs.

2.      The Settlement Payment reflects Settling Defendants' total obligation to the Settlement Class in connection with the Litigation and under this Settlement Agreement. For the avoidance of

doubt, the Settlement Payment covers Settling Defendants' total obligation for (i) all claims by Settlement Class Members, (ii) all fees and costs of Class Counsel as ordered by the Court, (iii) any service payment to Named Plaintiffs, and (iv) all costs of Class Notice, Claims Administration, and taxes. Under no circumstances shall Settling Defendants be required to pay more than the Settlement Payment with respect to any liability arising out of this Action and/or the Settlement.

3.      The Settlement Payment is non-reversionary to Settling Defendants except in the event that the Settlement (i) is not approved by the Court or on appeal; (ii) is terminated by Settling Defendants' pursuant to the provisions described in Section II.E.8.; or (iii) fails to become effective for any reason.

4.      Within 10 business days after Preliminary Approval, Settling Defendants shall remit (or cause to be remitted) the Settlement Payment to the Settlement Fund.

5.      The Escrow Agent shall place the Settlement Fund in an escrow account (the "Account") created by order of the Court intended to constitute a "qualified settlement fund" ("QSF") within the meaning of Section 1.468B-1 of the Treasury Regulations ("Treasury Regulations") promulgated under the U.S. Internal Revenue Code of 1986, as amended (the "Code"). The Settlement Fund will be invested in instruments secured by the full faith and credit of the United States or an interest bearing or non-interest bearing deposit obligation insured by the Federal Deposit Insurance Corporation ("FDIC") to the applicable limits and any interest earned (or negative interest) thereon shall become part of (or paid from) the Settlement Fund. Defendants shall be the "transferor" to the QSF within the meaning of Section 1.468B-1(d) (1) of the Treasury Regulations with respect to the Settlement Fund or any other amount transferred to the QSF pursuant to this Settlement Agreement. The Notice Administrator shall be the "administrator" of the QSF within the meaning of Section 1.468B-2(k)(3) of the Treasury Regulations, responsible for causing the filing of all tax returns required to be filed by or with respect to the QSF, paying from the QSF any taxes owed by or with

respect to the QSF, and complying with any applicable information reporting or tax withholding requirements imposed by Section 1.468B-2(*l*)(2) of the Treasury Regulations or any other applicable law on or with respect to the QSF. Settling Defendants and the Notice Administrator shall reasonably cooperate in providing any statements or making any elections or filings necessary or required by applicable law for satisfying the requirements for qualification as a QSF, including any relation-back election within the meaning of Section 1.468B-1(j) of the Treasury Regulations.

6.      Settling Defendants and Settling Defendants' Counsel shall have no liability, obligation or responsibility with respect to the investment, disbursement, or other administration or oversight of the Settlement Fund or QSF and shall have no liability, obligation or responsibility with respect to any liability, obligation or responsibility of the Escrow Agent or Notice Administrator, including but not limited to, liabilities, obligations or responsibilities arising in connection with the investment, disbursement or other administration of the Settlement Fund and QSF.

7.      The Settlement Fund and any payments to Settlement Class Members shall not be considered compensation under the terms of any benefits plan or for any purpose except for tax purposes to the extent contemplated by Section IV.B.1. Any taxes due as a result of income earned or payments made by the Settlement Fund shall be imposed upon and paid from the Settlement Fund provided, however, that in no event shall the failure to withhold sufficient funds to pay such taxes be a basis to shift any such tax obligations to Settling Defendants or otherwise increase the Settlement Payment. Interest earned by the Settlement Fund (less any tax imposed upon such interest) shall be for the benefit of the Settlement Class Members, less reasonable Attorneys' Fees and Expenses approved by the Court plus interest earned on any such award approved by the Court, any Court-approved service award to Named Plaintiffs, and payment of any and all administrative or other Court-approved expenses associated with the Action or the Settlement. Settling Defendants and Settling Defendants' Counsel shall have no liability, obligation or responsibility for any such taxes, Attorneys' Fees and

Expenses, interest, service award or administrative or other expenses or for any reporting requirements relating thereto.

8.      Settling Defendants' payment of the Settlement Payment to the Escrow Agent shall constitute full and complete satisfaction of their obligations under this Section and full consideration for any and all Released Claims. Following Settling Defendants' transfer of the Settlement Payment, Settling Defendants and Settling Defendants' Counsel shall have no liabilities, obligations or responsibilities with respect to the payment, disbursement, disposition or distribution of the Settlement Fund. Settling Defendants shall provide the Notice Administrator with the statement required by the applicable United States Treasury regulations. Class Members shall look solely to the Settlement Fund for settlement and satisfaction against Settling Defendants for all claims that are released herein, all Attorneys' Fees and Expenses, the service award to Named Plaintiffs, and all administrative or other costs and expenses arising out of or related to the Action or the Settlement.  Settlement  Class Members shall not under any circumstances be entitled to any further payment from Settling Defendants with respect to the Released Claims, the Action or the Settlement. In the event that the Settlement Agreement becomes final and effective, payment of the Settlement Payment shall fully satisfy any and all Released Claims. Except as provided by Order of the Court, no Settlement Class Member shall have any interest in the Settlement Fund or any portion thereof.

## IV.    **DISTRIBUTION OF SETTLEMENT FUND**

### A.      **Eligibility**

1.      Any Settlement Class Member who does not opt out pursuant to Section II.E. shall be deemed eligible for a payment hereunder in accordance with the Plan of Allocation approved by the Court.

2.      Any Settlement Class Member who does not opt out pursuant to Section II.E. is subject to and bound by the releases set forth in Section V.

3.      The receipt of settlement payments shall not affect the amount of any contribution to or level of benefits under Settling Defendants' benefit plans.

4.      Within a reasonable time period after the Effective Date, and after all objections, collateral challenges or appeals relating to the Settlement have been fully and finally resolved, the Notice Administrator shall render a determination as to the monetary award that should be paid to each eligible Settlement Class Member from the Settlement Fund based on the methodology set forth in the Plan of Allocation as approved by the Court.

5.      Unless ordered otherwise by the Court, the Notice Administrator's determination as to the monetary award that should be paid to each Settlement Class Member shall be final and not subject to review by, or appeal to, any court, mediator, arbitrator or other judicial body, including without limitation this Court. As shall be reflected in the Final Approval Order, Class Counsel and Settling Defendants shall have no responsibility, and may not be held liable, for any determination reached by the Notice Administrator. This Notice Administrator will work with Class Counsel to ensure that Settlement Class Member questions will be addressed appropriately.

6.      The Notice Administrator shall reserve $50,000 from the Settlement Fund to resolve any Settlement Class Member disputes or payment issues ("Correction Fund") that arise within 180 days of the first date on which distribution of the Settlement Fund is made to Settlement Class Members.

7.      The total amount of all monetary awards paid to Settlement Class Members, as determined by the Notice Administrator, shall not exceed the net amount of the Settlement Fund after all costs, expenses, service awards, Attorneys' Fees and Expenses, and taxes have been paid, and the Correction Fund has been reserved or fully utilized, provided, however, that in no event shall the failure to withhold sufficient funds to pay such taxes be a basis to shift any such tax obligations to Settling Defendants or otherwise increase the Settlement Payment.

8.      In the event monies remain as residue in the Settlement Fund following all distribution efforts approved by the Court and payment of all costs, expenses, service award, Attorneys' Fees and Expenses, and taxes (including, for example, residue resulting from Settlement Class Members' failure to negotiate checks or the Correction Fund not having been fully utilized) ("Residue"), the Notice Administrator will (a) take appropriate steps to tender relevant funds to the unclaimed property departments in the states in which Settlement Class Members reside, and then (b) determine whether there are sufficient funds remaining to issue an additional distribution to Settlement Class Members consistent with the Plan of Allocation. This process will continue until the Notice Administrator determines that there are no longer sufficient funds remaining to issue another distribution to Settlement Class Members. The remainder, if any, will be distributed *cy pres* to an entity recommended by Class Counsel and approved by the Court.

      **B.**      **<u>Settlement Fund Distribution Procedures</u>**

        1.      **<u>Allocation</u>**

      a.      The Parties agree that the Settlement Payment is a lump-sum payment by or on behalf of Settling Defendants to settle the Action that is made without any admission of liability or damages and is inclusive of any fee award. For purposes of efficient administration of the Settlement Fund, and subject to court approval, any Settlement Fund payments made to Settlement Class Members shall be allocated one-third to wages and two-thirds to interest and/or other non-wage recovery permitted by law.

        **2.**      **<u>Payment of Federal, State and Local Taxes</u>**

      a.      Payments to Named Plaintiffs and other Settlement Class Members from the Account will be subject to applicable tax withholding and reporting requirements and shall be made net of all applicable employment taxes, including, without limitation, federal, state and local income tax withholding and applicable FICA and Medicare taxes.

b.      The Notice Administrator, as administrator of the QSF, and on behalf of the QSF, is expected to and shall carry out all the duties and obligations of the QSF in accordance with the Code and Treasury Regulations and all other applicable law, including the income tax reporting obligations of the QSF and in respect of all reporting, withholding and employment taxes and all information reporting requirements with respect thereto.

c.      The Notice Administrator, as administrator of the QSF, shall report that portion of the Settlement Fund payable as wages by the QSF to each eligible Settlement Class Member and to the United States Internal Revenue Service ("IRS") and to other appropriate taxing authorities (each of the IRS and any such other taxing authority, a "Taxing Authority," and collectively, "Taxing Authorities") on an IRS Form W-2, or any other applicable form. Such amounts shall be subject to applicable employment taxes and withholding taxes, including without limitation FICA, FUTA, Medicare and any state and local taxes, including without limitation SUTA, as determined by the Notice Administrator as administrator of the QSF making such payments.

d.      The Notice Administrator shall pay from the QSF the employee's and employer's shares of all applicable U.S. federal, state, and local taxes, including without limitation the employer's share of FICA, FUTA, Medicare and any state and local taxes, including without limitation SUTA, required to be paid by an employee or employer on amounts treated as wages (all such U.S. federal, state and local taxes, collectively the "Payroll Taxes"). Named Plaintiffs, Class Counsel, Settlement Class Members, and the Notice Administrator shall not seek payment for Payroll Taxes from Settling Defendants or the Released Parties.

e.      If any portion of the Settlement Fund payable by the QSF to each eligible Settlement Class Member is determined to be treated as other than wages, the Notice Administrator, as administrator of the QSF, shall report that portion to the Settlement Class Member, and all applicable Taxing Authorities, to the extent required by law, under the Settlement Class Member's name and

U.S. federal taxpayer identification number on IRS Forms 1099, 1042-S, or other applicable forms, and such payments shall be made without deduction for taxes and withholdings, except as required by law, as determined by the Notice Administrator, as administrator of the QSF making such payments.

f.    The Notice Administrator shall be responsible to satisfy from the Settlement Fund any and all federal, state and local employment and withholding taxes, including, without limitation, federal, state and local income tax withholding, and any U.S. federal taxes including without limitation FICA, FUTA, and Medicare and any state employment taxes including without limitation SUTA. The Notice Administrator shall promptly provide to Settling Defendants the information and documentation (including copies of applicable IRS and state forms) reasonably requested by Settling Defendants with respect to the payment or remittance of such employment and withholding taxes. The Notice Administrator shall satisfy all federal, state, local, and other reporting requirements (including without limitation any applicable reporting with respect to attorneys' fees and other costs subject to reporting), and any and all taxes, together with interest and penalties imposed thereon, and other obligations with respect to the payments or distributions from the Settlement Fund not otherwise addressed herein.

g.    The Notice Administrator shall be responsible for procuring any required tax forms from Class Members prior to making any such payments or distributions.

h.    For avoidance of doubt, Settling Defendants, Released Parties, Settling Defendants' Counsel, Named Plaintiffs, and Class Counsel shall have no liability, obligation or responsibility whatsoever for tax obligations arising from payments to any Settlement Class Member, or based on the activities and income of the QSF. In addition, Settling Defendants and Released Parties shall have no liability, obligation or responsibility whatsoever for tax obligations arising from payments to Named Plaintiffs or Class Counsel. The QSF shall be solely responsible for its tax obligations. Each Settlement Class Member shall be solely responsible for his/her tax obligations.

Class Counsel shall be solely responsible for its tax obligations.

      i.     The Named Plaintiff, individually and on behalf of the Settlement Class, and Class Counsel and each of them represent and agree that they have not received and/or relied upon any advice and/or representations from Settling Defendants or Settling Defendants' Counsel as to taxes, including the taxability of the payments received pursuant to this Agreement. Class Counsel represent that neither Named Plaintiffs nor Class Counsel provided any advice as to the taxability of payments received pursuant to this Agreement.

## V.    <u>RELEASE</u>

      1.     Upon the Effective Date, each Releasor shall be deemed to have, and by operation of the Final Judgment and Order of Dismissal, shall release, acquit, forever discharge, and covenant not to sue the Released Parties from all claims, demands, judgments, actions, suits, and/or causes of action, whether class or individual, whether federal or state, known or unknown, asserted or unasserted, regardless of legal theory, arising out of the facts, activities, or circumstances alleged in the First Amended Complaint in the Action, conduct that could have been alleged in the First Amended Complaint arising from the same factual predicate of the Action, or any other purported collusion on competition for employment or any other purported collusion on competition for compensation of, or affecting, Releasors, whether or not alleged in the First Amended Complaint in the Action, in each case up to the Effective Date of the Settlement Agreement (the "Released Claims"). For the avoidance of doubt, this agreement shall not be construed to release any claims by a Released Party's employee, unrelated to the facts, activities, or circumstances alleged in or related to the First Amended Complaint in the Action, including but not limited to a breach of contract to pay any specified compensation or royalty owed to that employee pursuant to that contract.

      2.     For the avoidance of doubt, each Releasor shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights, and

benefits of Section 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Each Releasor shall further be deemed to have, and shall have, waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, or the law of any jurisdiction outside of the United States, which is similar, comparable, or equivalent to Section 1542 of the California Civil Code.  Each Releasor may hereafter discover facts other than or different from those which he, she or his/her counsel now know or believes to be true with respect to the Released Claims.  Nevertheless, each Releasor hereby expressly waives and fully, finally, and forever settles and releases, upon this Settlement becoming final, the Released Claims, whether any related Released Claim is known or unknown, suspected or unsuspected, contingent or non-contingent, concealed or hidden, and also forever waives and relinquishes any and all rights and benefits existing under any law or principle of law in any jurisdiction that would limit or restrict the effect or scope of the provisions of the release set forth above.

## VI.   CLASS REPRESENTATIVE SERVICE AWARDS

1.      At the Fairness Hearing, Class Counsel may seek Court approval for service awards to Named Plaintiffs to compensate them for their contributions to this Action. The proposed service awards shall be in addition to any monetary distribution to Named Plaintiffs under the Plan of Allocation, and are subject to Court approval.  Such service awards shall be paid by the Notice Administrator solely out of the Settlement Fund upon Court approval.

2.      Settling Defendants agree to take no position on such a service award to Named Plaintiffs.

3.      Any service payment to Named Plaintiffs shall not be considered compensation under

the terms of any benefits plan or for any purpose except to the extent required for tax purposes. The receipt of a service payment shall not affect the amount of any contribution to or level of benefits under any benefit plan.

## VII.    ATTORNEYS' FEES AND EXPENSES AND ADMINISTRATIVE EXPENSES

### A.    Attorneys' Fees and Expenses

1.    Prior to the deadline for objections to the Settlement pursuant to Section II.D., Class Counsel may apply to the Court for an award of Attorneys' Fees and Expenses incurred on behalf of the Settlement Class. All Attorneys' Fees and Expenses and any interest due to any counsel (to the extent any interest is awarded) shall be payable solely out of the Settlement Fund (and any interest earned from the Settlement Fund) in such amounts as the Court orders. Settling Defendants' Releasees shall have no liability or responsibility for fees, costs, expenses, or interest, including without limitation attorneys' fees, costs, expenses, expert fees and costs or administrative fees or costs.

2.    All Attorneys' Fees and Expenses shall be payable solely out of the Settlement Fund and may be deducted from the Settlement Fund prior to the distribution to Settlement Class Members, after entry of an order by the Court approving any Attorneys' Fees and Expenses. The undersigned Class Counsel may withdraw from the Account and allocate amongst Class Counsel the Attorneys' Fees and Expenses so awarded.

3.    Settling Defendants shall not oppose Class Counsel's request for Attorneys' Fees or comment on the request unless directed to do so by the Court.

### B.    Costs of Notice and Administration

1.    All costs of notice and administration shall be paid for solely from the Settlement Fund. Under no circumstances shall Settling Defendants or any Settling Defendants' Releasees be otherwise obligated to pay for costs of Notice or any costs to administer the Settlement.

VIII.    **OTHER CONDITIONS**

    A.    **Settlement Does Not Become Effective**

    1.    In the event that the Settlement Agreement is terminated, is not finally approved (following the exhaustion of any appellate review) or does not become effective for any reason, judgment is not entered in accordance with this Agreement, or such judgment does not become final, then (a) this Settlement Agreement shall be null and void and of no force and effect, (b) any payments of the Settlement Fund and interest earned thereon, excluding the payment to the Notice Administrator pursuant to Section VII.B. above, shall be returned to Settling Defendants within thirty (30) business days from the date the Settlement Agreement becomes null and void, and (c) any release pursuant to Section V herein shall be of no force or effect. In such event, the case shall proceed as if no settlement has been attempted, and the Parties shall be returned to their respective procedural postures, i.e., *status quo* as of June 20, 2025, so that the Parties may take such litigation steps that Named Plaintiffs or Defendants otherwise would have been able to take absent the pendency of this Settlement. However, any reversal, vacating, or modification on appeal of (1) any amount of the fees and expenses awarded by the Court to Class Counsel or any service awards made by the Court to the Named Plaintiffs, or (2) any determination by the Court to award less than the amount requested in Attorneys' Fees and Expenses or service award to Named Plaintiffs, shall not give rise to any right of termination or otherwise serve as a basis for termination of this Settlement Agreement.

    2.    In the event the Settlement does not become effective, the Parties shall negotiate and submit for Court approval a case schedule.

    B.    **Preservation of Rights**

    1.    The Parties expressly reserve all of their rights, contentions and defenses if this Settlement does not become final and effective in accordance with the terms of this Settlement Agreement. The Settling Parties further agree that this Settlement Agreement, whether or not it shall

become effective pursuant to Section II.G. herein, and any and all negotiations, documents and discussions associated with it shall be without prejudice to the rights of any party, shall not be deemed or construed to be an admission or evidence of any violation of any statute or law, or of any liability or wrongdoing by Defendants, and shall not be deemed or construed to be an admission or evidence of the truth of any of the claims or allegations made in the Action, and evidence thereof shall not be discoverable or used directly or indirectly, in any way, whether in this case or any other action or proceeding. The Settling Parties further acknowledge and agree that the negotiations and discussions that led to this Settlement are fully protected from disclosure by Federal Rule of Evidence 408.

C.    **Authority to Settle**

The undersigned represent and warrant each has authority to enter into this Settlement Agreement on behalf of the party indicated below his or her name.

D.    **Binding Effect**

This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Settling Parties and the Settling Defendants' Releasees. Without limiting the generality of the foregoing, each and every covenant and agreement herein by Named Plaintiffs shall be binding upon all Settlement Class Members.

E.    **Mistake**

In entering and making this Agreement, the Settling Parties assume the risk of any mistake of fact or law. If the Settling Parties, or any of them, should later discover that any fact they relied upon in entering into this Agreement is not true, or that their understanding of the facts or law was incorrect, the Settling Parties shall not be entitled to seek rescission of this Agreement, or otherwise attack the validity of the Agreement, based on any such mistake. This Agreement is intended to be final and binding upon the Settling Parties regardless of any mistake of fact or law.

F.    **Advice of Counsel**

Except as set forth in this Agreement, the Parties represent and warrant that they have not relied upon or been induced by any representation, statement or disclosure of the other Parties or their attorneys or agents, but have relied upon their own knowledge and judgment and upon the advice and representation of their own counsel in entering into this Agreement. Each Party warrants to the other Parties that it has carefully read this Agreement, knows its contents, and has freely executed it. Each Party, by execution of this Agreement, represents that it has been represented by independent counsel of its choice throughout all negotiations preceding the execution of this Agreement.

G.    **Integrated Agreement**

This Settlement Agreement, including exhibits, contains the entire, complete, and integrated statement of each and every term and provision of the Settlement Agreement agreed to by and among the Settling Parties. This Settlement Agreement shall not be modified in any respect except by a writing executed by the undersigned in the representative capacities specified, or others who are authorized to act in such representative capacities.

H.    **Headings**

The headings used in this Settlement Agreement are intended for the convenience of the reader only and shall not affect the meaning or interpretation of this Settlement Agreement.

I.    **No Drafting Presumption**

All counsel to all Parties hereto have materially participated in the drafting of this Settlement Agreement. No party hereto shall be considered to be the drafter of this Settlement Agreement or any provision hereof for the purpose of any statute, case law or rule of interpretation or construction that would or might cause any provision to be construed against the drafter hereof.

26

J.      **Consent to Jurisdiction and Choice of Exclusive Forum**

Any and all disputes arising from or related to the Settlement, the Settlement Agreement, or distribution of the Settlement Fund, including Attorneys' Fees and Expenses, must be brought by a Released Party, Named Plaintiffs, and/or each member of the Settlement Class, exclusively in the Court, except as expressly provided for in Section II.E. Released Parties, Named Plaintiffs, and each member of the Settlement Class hereby irrevocably submit to the exclusive and continuing jurisdiction of the Court for any suit, action, proceeding or dispute arising out of or relating to this Settlement Agreement or the applicability or interpretation of this Settlement Agreement, except as expressly provided for in Section II.E.

K.      **Enforcement of Settlement**

Nothing in this Settlement Agreement prevents any Released Party from enforcing or asserting any release herein. Notwithstanding any other provision of this Settlement Agreement, this Settlement Agreement and the releases contained herein may be pleaded as a full and complete defense to any action, suit or other proceeding that has been or may be instituted, prosecuted or attempted by Named Plaintiffs or any Settlement Class Member with respect to any Released Claims and may be filed, offered and received into evidence and otherwise used for such defense.

L.      **Severability**

In the event any one or more of the provisions of this Settlement Agreement shall for any reason be held to be illegal, invalid or unenforceable in any respect, such illegality, invalidity or unenforceability shall not affect any other provision if Settling Defendants' Counsel and Class Counsel mutually agree to proceed as if such illegal, invalid, or unenforceable provision had never been included in the Settlement Agreement.

M.    **No Admission**

This Settlement shall not be construed or deemed an admission of liability or wrongdoing on the part of any of the Settling Defendants. Settling Defendants do not, by entering into this Settlement Agreement, admit they have caused any damage or injury to any Settlement Class Member as a result of the facts alleged or asserted in the Action.

N.    **Execution in Counterparts**

This Settlement Agreement may be executed in counterparts. PDF signatures shall be considered as valid signatures as of the date they bear.

O.    **Appeals**

The proposed order and final judgment shall provide that any Settlement Class Member that wishes to appeal the Court's Final Approval Order and Final Judgment, which appeal will delay the distribution of the Settlement Fund to the Settlement Class, shall post a bond with this Court in an amount to be determined by the Court as a condition of prosecuting such appeal.

P.    **Calculation of Time**

To the extent that any timeframe set out in this Settlement Agreement is ambiguous, said ambiguity shall be resolved by applying the conventions contained in Rule 6 of the Federal Rules of Civil Procedure.

Q.    **Representations to the Court About Settlement Negotiations**

The Parties confirm, and shall so represent to the Court, that these settlement negotiations were arm's-length and facilitated through the aid of mediators Judge Layne Phillips and Caroline Cheng, that there was no discussion of attorneys' fees prior to negotiating the Settlement, and that there are no commitments between the Parties beyond what is in the Settlement Agreement.

**R.**    **No Assignment**

Class Counsel and Named Plaintiffs represent and warrant that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein, including, but not limited to, any interest in the Action or any related action, and they further represent and warrant that they know of no such assignments or transfers on the part of any Settlement Class Member.

**S.**    **Choice of Law Provision**

All terms of this Settlement Agreement shall be governed by and interpreted according to the substantive law of the State of Kansas without regard to its choice of law or conflict of law principles.

IN WITNESS WHEREOF, the Parties hereto through their fully authorized representatives have agreed to the Settlement Agreement on the date first herein above written.

_____

**ACCEPTED AND AGREED:**

DATED: July 28.00, 2025

_____
Jakob Tobler

_____
Michelle McNitt

On Behalf of Plaintiffs and the Settlement Class


DATED: July __, 2025

_____
Patrick Bannigan
Executive Vice President & Chief Financial Officer

On Behalf of American Century Services, LLC,
American Century Investment Management, Inc.,
and American Century Companies, Inc.


DATED: July __, 2025

_____
Jeff Poe
Chief Financial Officer

On behalf of Mariner Wealth Advisors (f/k/a
Mariner Holdings, LLC), Mariner, LLC (f/k/a
Mariner Wealth Advisors, LLC) Mariner Capital
Advisors, LLC


DATED: July __, 2025

_____
Christian Scharosch
Managing Director

On behalf of 1248 Holdings, LLC and Montage
Investments, LLC


DATED: July __, 2025

_____
Jeff Kruske
Chief Legal Officer

On Behalf of the Tortoise Settling Defendants

**ACCEPTED AND AGREED:**

DATED: July ___, 2025

_____
Jakob Tobler


_____
Michelle McNitt

On Behalf of Plaintiffs and the Settlement Class

DATED: July 28, 2025

_____
Patrick Bannigan
Executive Vice President & Chief Financial Officer

On Behalf of American Century Services, LLC,
American Century Investment Management, Inc.,
and American Century Companies, Inc.

DATED: July ___, 2025

_____
Jeff Poe
Chief Financial Officer

On behalf of Mariner Wealth Advisors (f/k/a
Mariner Holdings, LLC), Mariner, LLC (f/k/a
Mariner Wealth Advisors, LLC) Mariner Capital
Advisors, LLC

DATED: July ___, 2025

_____
Christian Scharosch
Managing Director

On behalf of 1248 Holdings, LLC and Montage
Investments, LLC

DATED: July ___, 2025

_____
Jeff Kruske
Chief Legal Officer

On Behalf of the Tortoise Settling Defendants

**ACCEPTED AND AGREED:**

DATED: July ___, 2025

_____
Jakob Tobler


_____
Michelle McNitt

On Behalf of Plaintiffs and the Settlement Class


DATED: July ___, 2025

_____
Patrick Bannigan
Executive Vice President & Chief Financial Officer

On Behalf of American Century Services, LLC,
American Century Investment Management, Inc.,
and American Century Companies, Inc.


DATED: July 28, 2025

_____
Jeff Poe
Chief Financial Officer

On behalf of Mariner Wealth Advisors (f/k/a
Mariner Holdings, LLC), Mariner, LLC (f/k/a
Mariner Wealth Advisors, LLC) Mariner Capital
Advisors, LLC


DATED: July ___, 2025

_____
Christian Scharosch
Managing Director

On behalf of 1248 Holdings, LLC and Montage
Investments, LLC


DATED: July ___, 2025

_____
Jeff Kruske
Chief Legal Officer

On Behalf of the Tortoise Settling Defendants

**ACCEPTED AND AGREED:**

DATED: July ___, 2025

_____
Jakob Tobler

_____
Michelle McNitt

On Behalf of Plaintiffs and the Settlement Class

DATED: July ___, 2025

_____
Patrick Bannigan
Executive Vice President & Chief Financial Officer

On Behalf of American Century Services, LLC,
American Century Investment Management, Inc.,
and American Century Companies, Inc.

DATED: July ___, 2025

_____
Jeff Poe
Chief Financial Officer

On behalf of Mariner Wealth Advisors (f/k/a
Mariner Holdings, LLC), Mariner, LLC (f/k/a
Mariner Wealth Advisors, LLC) Mariner Capital
Advisors, LLC

DATED: July 28, 2025

_____
Christian Scharosch
Managing Director

On behalf of 1248 Holdings, LLC and Montage
Investments, LLC

DATED: July ___, 2025

_____
Jeff Kruske
Chief Legal Officer

On Behalf of the Tortoise Settling Defendants

30

**ACCEPTED AND AGREED:**

DATED: July ___, 2025                     _____
                                          Jakob Tobler


                                          _____
                                          Michelle McNitt

                                          On Behalf of Plaintiffs and the Settlement Class


DATED: July ___, 2025                     _____
                                          Patrick Bannigan
                                          Executive Vice President & Chief Financial Officer

                                          On Behalf of American Century Services, LLC,
                                          American Century Investment Management, Inc.,
                                          and American Century Companies, Inc.


DATED: July ___, 2025                     _____
                                          Jeff Poe
                                          Chief Financial Officer

                                          On behalf of Mariner Wealth Advisors (f/k/a
                                          Mariner Holdings, LLC), Mariner, LLC (f/k/a
                                          Mariner Wealth Advisors, LLC) Mariner Capital
                                          Advisors, LLC


DATED: July ___, 2025                     _____
                                          Christian Scharosch
                                          Managing Director

                                          On behalf of 1248 Holdings, LLC and Montage
                                          Investments, LLC


DATED: July ___, 2025                     _____
                                          Jeff Kruske
                                          Chief Legal Officer

                                          On Behalf of the Tortoise Settling Defendants

# EXHIBIT A

# NOTICE OF SETTLEMENT WITH
# AMERICAN CENTURY, MARINER, AND TORTOISE

**If you worked for American Century, Mariner, and Tortoise during the time period below, you could be affected by a class action settlement.**

**Please read this notice carefully. This concerns your rights.**

*A federal court has authorized this Notice. This is <u>not</u> a solicitation from a lawyer.*

- Defendants 1248 Holdings, LLC f/k/a Bicknell Family Holding Company; Mariner Wealth Advisors, LLC f/k/a Mariner Holdings, LLC; Montage Investments, LLC; Mariner, LLC f/k/a Mariner Wealth Advisors, LLC; Mariner Capital Advisors, LLC ("1248-Mariner Defendants" or "Mariner"); Tortoise Capital Advisors, LLC; Tortoiseecofin Parent Holdco LLC ("Tortoise Defendants" or "Tortoise"); American Century Companies, Inc.; American Century Services, LLC; American Century Investment Management, Inc. ("American Century Defendants" or "ACI") (collectively, "Defendants") have reached an agreement (the "Settlement Agreement") with the Settlement Class to settle the claims brought in the class action lawsuit entitled *Tobler et al. v. 1248 Holdings, LLC et al.* Case No. 2:24-CV-02068-EFM-GEB (D. Kan.) (the "Lawsuit"), alleging that Defendants entered into a no poach agreement and enforced this unlawful agreement in restraint of trade and commerce, in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1, a other state laws. Plaintiffs allege that the no poach agreement had the purpose and effect of (1) artificially suppressing and deflating compensation, benefits, and opportunities for better employment terms for the Class; and (2) eliminating, to a substantial degree, competition among Defendants for labor. Plaintiffs allege that, as a result, members of the Class have suffered injury, including: (1) lower compensation from Defendants than they otherwise would have received in the absence of the no poach agreement; and (2) reduced competition and better employment terms among Defendants. Defendants deny the conspiracy as alleged. The Court did not decide in favor of Plaintiffs, the Class, or Defendants. Instead, the parties settled the Lawsuit to avoid the costs and risks of continuing the Lawsuit. More information can be found at [INSERT URL].

- Under the terms of the settlement, Defendants have agreed to establish a fund of $25,500,000.00 to resolve the claims against them (the "Settlement Fund Amount").

- You are a settlement class member ("Settlement Class Member") if you are a person who worked for Defendants in the United States at any time between January 1, 2012 through December 31, 2020. Excluded from the Settlement Class are members of the Settling Defendants' board of directors C-suite level executives of any Settling Defendants, and employees of the Settling Defendants who resided outside of the United States for the entire Settlement Class time period.

- You received this notice because Defendants' record indicate that you worked for one of the Settling Defendants in the United States between January 1, 2012 and December 31, 2020, and therefore, are a Settlement Class Member. If you do not want to be bound by this settlement, you must act by **[30 days after Notice Deadline]**, if you wish to exclude yourself and preserve your right to file your own lawsuit or to object to the settlement.

- Court-appointed lawyers for the Plaintiffs will ask the Court to award them up to 35% of the Settlement Fund Amount in payment of reasonable attorneys' fees and reimbursement of costs, as well as Service Awards for the Representative Plaintiffs for their time, effort, and willingness to bring this Lawsuit.

**Your legal rights are affected whether or not you act.  Please read this Notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS | | DEADLINE |
|---|---|---|
| DO NOTHING AT THIS TIME | **Remain in the Settlement Class and receive a payment from the settlement. You do not need to file a claim to remain in the Settlement Class.** By doing nothing, you will remain in the Settlement Class and release your claims arising out of this Lawsuit against Defendants. If the settlement receives final approval, you will be sent a payment from the Settlement Fund Amount. | **n/a** |
| EXCLUDE YOURSELF ("OPT OUT") | Get no payment, exclude your from the Settlement Class, and preserve your ability to file suit over the claims at issue in this Lawsuit against the Defendants at your own expense. Opting out of the Settlement Class with respect to the Defendants is the only way you can file or continue your own lawsuit concerning the legal claims in this Lawsuit against the Defendants. | **[30 days after Notice Deadline]** |
| OBJECT | You may also ask to communicate to the Court your written comments or objections about the fairness of the settlement and the request for attorneys' fees and costs at the "Fairness Hearing" on **[INSERT DATE]** in **[INSERT LOCATION]**, though you do not have to do so. You also have a right to stay in the Settlement Class and argue to the Court that the settlement should not be approved. | **[30 days after Notice Deadline]** |

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

- The Court in charge of this case must still decide whether to approve the Settlement and the requested attorneys' fees and expenses. No Settlement benefits or payments will be provided unless the Court approves the Settlement and it becomes final.

**PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.**

| WHAT THIS NOTICE CONTAINS | |
|---|---|
| **BASIC INFORMATION**.................................................................................. | **PAGE X** |
| 1.  Why is this Notice being provided? | |
| 2.  What is this Lawsuit about? | |
| 3.  Why is the Lawsuit a class action? | |
| 4.  Why is there a Settlement? | |
| | |
| **WHO IS INCLUDED IN THE SETTLEMENT** ...................................... | **PAGE X** |
| 5.  How do I know if I am part of the Settlement? | |
| 6.  Are there exceptions to being included in the Settlement? | |
| 7.  What if I am still not sure whether I am part of the Settlement? | |
| | |
| **THE SETTLEMENT'S BENEFIT**.................................................................. | **PAGE X** |
| 8.  What does the Settlement provide? | |
| 9.  How much money can I get from the Settlement? | |
| | |
| **HOW ARE CLASS MEMBERS AFFECTED** ..................................... | **PAGE X** |
| 10. When will I receive my payment? | |
| 11. What am I giving up as part of the Settlement? | |
| | |
| **THE LAWYERS REPRESENTING YOU** ........................................... | **PAGE X** |
| 12. Do I have lawyers in this case? | |
| 13. How will Class Counsel be paid? | |
| | |
| **EXCLUDING YOURSELF FROM THE SETTLEMENT**.......................... | **PAGE X** |
| 14. How do I exclude myself from the Settlement? | |
| 15. If I exclude myself, can I get money from this Settlement? | |
| 16. If I do not exclude myself, can I sue the Defendants for the same thing later? | |
| | |
| **OBJECTING TO THE SETTLEMENT** ................................................ | **PAGE X** |
| 17. How do I tell the Court that I do not like the Settlement? | |
| 18. What is the difference between objecting and asking to be excluded? | |
| | |
| **THE FINAL APPROVAL HEARING** .................................................. | **PAGE X** |
| 19. When and where will the Court decide whether to approve the Settlement? | |
| 20. Do I have to attend the Final Approval Hearing? | |
| 21. May I speak at the Final Approval Hearing? | |
| | |
| **GETTING MORE INFORMATION** ..................................................... | **PAGE X** |
| 22. How do I get more information? | |

3

Questions? Go to **[INSERT URL]** or call 1-XXX-XXX-XXX

# BASIC INFORMATION

| 1. Why is this Notice being provided? |
| --- |

You received this Notice because Defendants' records show you worked for any Settling Defendant in the United States at any time between January 1, 2012 and December 31, 2020 and may be a member of the Settlement Class as defined in Question 5. A Court authorized this notice because you have a right to know how the proposed settlement may affect your rights. This notice explains the nature of the litigation, the general terms of the proposed settlement and what it may mean to you. The notice also explains the Lawsuit, the settlement, your legal rights, what benefits are available, who is eligible and how to get them.

| 2. What is this Lawsuit about? |
| --- |

The Lawsuit alleges the Defendants entered into and engaged in a no-poach agreement and enforced this unlawful agreement in restraint of trade and commerce, in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1, and other state laws. Plaintiffs allege that this no-poach agreement had the purpose and effect of (1) artificially suppressing and deflating compensation, benefits, and opportunities for better employment terms for the Class; and (2) eliminating, to a substantial degree, competition among Defendants for labor. Plaintiffs allege that, as a result, members of the Class have suffered injury, including: (1) lower compensation from Defendants than they otherwise would have received in the absence of the no poach agreement; and (2) reduced competition and better employment terms among Defendants.

Defendants deny the conspiracy as alleged. The Court did not decide in favor of Plaintiffs, the Class, or Defendants. Instead, the parties settled the Lawsuit to avoid the costs and risks of continuing the Lawsuit. To obtain more information about the claims in this Lawsuit, you can view the complaint and other court documents in this case at [INSERT URL].

| 3. Why is the Lawsuit a class action? |
| --- |

In a class action, one or more people called class representatives sue on behalf of all people who have similar claims. Together all these people are called a "Settlement Class" or "Settlement Class Members." One court resolves the issues for all Settlement Class Members, except for those Settlement Class Members who timely exclude themselves from the Settlement Class.

| 4. Why is there a Settlement? |
| --- |

The Court has not decided in favor of Plaintiffs or Defendants. Instead, both sides agreed to a settlement. Settlements avoid the costs and uncertainty of a trial and related appeals, while more quickly providing benefits to members of the Settlement Class.

# WHO IS INCLUDED IN THE SETTLEMENT?

| 5. How do I know if I am part of the Settlement? |
|---|

In general, you are a settlement class member, i.e. a person that is eligible for a payment from the proposed settlement when the funds are distributed ("Settlement Class Member") if you meet the following definition:

> All individuals employed by (1) 1248 Holdings, LLC, Mariner Wealth Advisors, LLC (f/k/a Mariner Holdings, LLC), Montage Investments, LLC and its related entities (including the company formerly known as Mariner Holdings, LLC, as well as companies in which Montage Investments, LLC or Mariner Holdings, LLC had a direct or indirect ownership interest of greater than or equal to 50%), and Mariner Capital Advisors, LLC; (2) Tortoise Capital Advisors, L.L.C.; TortoiseEcofin Parent Holdco LLC; Ecofin Advisors, LLC, Tortoise Credit Strategies, LLC, Tortoise Investments Partners, LLC, Tortoise Index Solutions, LLC; TortoiseEcofin Investments Partners, LLC; Tortoise Securities, LLC, TI Services, LLC, Tortoise Parent Holdco, LLC, and Tortoise Investments, LLC, and/or (3) American Century Companies, Inc.; American Century Services, LLC; and American Century Investment Management, Inc., ("the Settling Defendants") at any time from January 1, 2012 to December 31, 2020 ("the Settlement Class time period".

| 6. Are there exceptions to being included in the Settlement? |
|---|

Yes. Excluded from the Settlement Class are the members of the Settling Defendants' boards of directors, C-suite level employees of the Settling Defendants, and employees of the Settling Defendants who resided outside of the United States for the entire Settlement Class time period.

| 7. What if I am still not sure whether I am part of the Settlement? |
|---|

If you received this Notice, it is because you were listed in Defendants' records as being employed by any Settling Defendant during the Class Period and, therefore, you may be a Settlement Class Member. If you are still not sure whether you are included, you can ask for free help. You can call [**insert toll free number**] or visit [**insert URL**] for more information.

# THE SETTLEMENT'S BENEFIT

| 8. What does the Settlement provide? |
|---|

The settlement provides that the Settling Defendants are required to contribute to a settlement fund totaling $25,500,000 to be distributed to the Class in accordance with the terms of the Settlement Agreement. As a Settlement Class Member, you will give up, or "release," claims against the Settling Defendants. This release includes any claims made or that could have been made arising from the facts alleged in this class action lawsuit, including claims that the Settling Defendants'

actions unlawfully reduced your wages and prevented other employers from hiring you (see Question 11).

The releases are described in more detail in the Settlement Agreement and in Question 11 below. You can view or download copies of the Settlement Agreement at the website [**insert URL**].

| 9. How much money can I get from the Settlement? |
| --- |

All Settlement Class Members will receive payment from the Settlement Fund Amount and shall only be excluded from receiving payment if they timely and validly opt out in accordance with the procedures set forth in the notice(s) served on the Class, subject to approval by the Court. The Allocation of the Settlement Fund Amount among the Settlement Class shall be subject to a Plan of Allocation approved by the Court. The Settlement Fund will be allocated based on a formula considering multiple factors, such as each Class Member's compensation paid for employment by any Settling Defendant during the Settlement Class Period. Settlement Class Members will have distributions sent to them directly without the need for individual claim forms.

The proposed Plan of Allocation is available for review at **[INSERT URL]** and will be presented for approval by the Court at the Fairness Hearing (see Questions 19-21)

# HOW ARE CLASS MEMBERS AFFECTED

| 10. When will I receive my payment? |
| --- |

As noted above, the Court is scheduled to hold a final Fairness Hearing on **[DATE]**, at **[TIME]**, in **[LOCATION]**, to decide whether to approve the proposed settlement and the request for the payment of reasonable attorneys' fees, incentive awards for the Class Representatives, and reimbursement of reasonable litigation expenses. Settlement payments to Settlement Class Members will be distributed after the settlement is approved, and after appeals, if any, are resolved. Class Counsel will remit the funds through the Settlement Administrator.

Updates regarding the settlements and any payments which may be made in the future will be posted on the settlement website, **[INSERT URL].**

| 11. What am I giving up as part of the Settlement? |
| --- |

Unless you exclude yourself, you are choosing to remain in the Settlement Class. If the Settlement is approved and becomes final, all of the Court's orders will apply to you and legally bind you. You will not be able to sue, continue to sue, or be part of any other lawsuit against any of the Settling Defendants and the Released Parties for the Released Claims.

Section V of the Settlement Agreement defines the claims that will be released by Settlement Class Members who do not exclude themselves from the Settlement. More information regarding the Released Parties and the Released Claims can be found in the Settlement Agreement available at **[INSERT URL].**

# THE LAWYERS REPRESENTING YOU

| 12. Do I have lawyers in this case? |
| --- |

Yes, the Court has appointed George A. Hanson, Bradley T. Wilders, and Stefon J. David of Stueve Siegel Hanson LLP, and Rowdy B. Meeks of Rowdy Meeks Legal Group LLC to represent you and the Settlement Class for the purposes of this Settlement.

You may hire your own lawyer at your own cost and expense if you want someone other than Class Counsel to represent you in this Lawsuit.

| 13. How will Class Counsel be paid? |
| --- |

Class Counsel have undertaken this case on a contingency-fee basis and have not been paid any money in relation to their work on this case to date. Accordingly, Class Counsel will ask the Court to award them attorneys' fees of up to thirty-five percent (35%) of the Settlement Fund, and reimbursement for costs and expenses up to $430,000 to be paid from the Settlement Fund. You will not have to separately pay any portion of these fees yourself. Class Counsel will also seek incentive awards for each Class Representative not to exceed $15,000.

The Court will decide the amount of fees and costs and expenses to be paid. Class Counsel's request for attorneys' fees and costs (which must be approved by the Court) will be filed by 21 days before the Objection and Opt-out/Exclusion Deadline and will be available to view on the settlement website at **[INSERT URL].**

# EXCLUDING YOURSELF FROM THE SETTLEMENT

If you are a Settlement Class Member and want to keep any right you may have to sue Defendants or the Released Parties on your own based on the claims raised in this Lawsuit or released by the Released Claims, then you must take steps to get out of the Settlement. This is called excluding yourself from – or "opting out" of – the Settlement.

| 14. How do I exclude myself from the Settlement? |
| --- |

To exclude yourself from the Settlement, you must mail the Settlement Administrator written notice of a request for exclusion, which includes:

(1) The case name (*Tobler et al. v. 1248 Holdings, LLC et al*., Case No. 2:24-CV-02068-EFM-GEB (D. Kan.)) or similar identifying words such as "Mariner-American Century No Poach Litigation";

(2) Your name, address, and telephone number;

(3) A clear statement you want to be excluded from the Settlement Class, such as "I hereby request to be excluded from the proposed Settlement Class in *Tobler et al. v. 1248 Holdings, LLC et al*., Case No. 2:24-CV-02068-EFM-GEB (D. Kan.) in the United States District Court for the District of Kansas; and

(4) Your signature

The exclusion request must be **postmarked** and sent to the Settlement Administrator at the following address by **[30 day after Notice Deadline]**:

<mark>Tobler v. 1248 Holdings Settlement Administrator
PO Box xxxx</mark>

You cannot exclude yourself by telephone or by email.

### 15. If I exclude myself, can I still get money from the Settlement?

No. If you exclude yourself, you are telling the Court you do not want to be part of the Settlement, and you will not receive money under the Settlement.

### 16. If I do not exclude myself, can I sue the Defendants for the same thing later?

No. Unless you exclude yourself, you give up any right to sue the Settling Defendants and the Released Parties for the Released Claims in this Settlement. You must exclude yourself from this Lawsuit to start or continue with your own lawsuit or be part of any other lawsuit against the Settling Defendants or any of the Released Parties. If you have a pending lawsuit, speak to your lawyer in that case immediately.

## OBJECTING TO THE SETTLEMENT

### 17. How do I tell the Court that I do not like the Settlement?

If you are a Settlement Class Member, you can tell the Court that you do not agree with all or any part of the Settlement or requested attorneys' fees and expenses or service awards. You can also give reasons why you think the Court should not approve the Settlement or attorneys' fees and expenses. To object, you must mail written notice to the Settlement Administrator, as provided below, no later than **[30 days after Notice Deadline]** stating you object to the Settlement in *Tobler et al. v. 1248 Holdings, LLC et al.*, Case No. 2:24-CV-02068-EFM-GEB (D. Kan.). The objection must also include the following additional information:

(1)     The case name (*Tobler et al. v. 1248 Holdings, LLC et al.*, Case No. 2:24-CV-02068-EFM-GEB (D. Kan.)) or similar identifying words such as "Mariner-ACI No Poach Litigation";

(2)     Your full name, address, and telephone number;

(3)     State with specificity the grounds for the objection, as well as any documents supporting the objection;

(4)     A statement as to whether the objection applies only to you and your circumstances, to a specific subset of the class, or to the entire class;

(5)     The name and address of any attorneys representing you with respect to the objection;

(6)     A statement regarding whether you or your attorney intend to appear at the Final Approval Hearing; and

(7)     You or your attorney's signature.

To be timely, written notice of an objection in the appropriate form must be mailed to the Settlement Administrator no later than **[30 days after Notice Deadline]** at the following address:

<mark>Tobler v. 1248 Holdings Settlement Administrator
PO Box xxxx</mark>

Any Settlement Class member who fails to comply with the requirements for objecting in Section II.D. of the Settlement Agreement shall waive and forfeit any and all rights he or she may have to appear separately and/or to object to the Settlement Agreement and shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders and judgments in the Lawsuit.

### 18. What is the difference between objecting and asking to be excluded?

Objecting is simply telling the Court you do not like something about the Settlement or the requested attorneys' fees and expenses or the service awards. You can object only if you stay in the Settlement Class (that is, do not exclude yourself). Objecting is telling the Court that you do not want the Settlement to be approved or the attorneys' fees, expenses or service awards to be approved. You will still be bound by the Settlement if you object and the Settlement is approved by the Court. Requesting exclusion is telling the Court you do not want to be part of the Settlement Class or the Settlement. If you exclude yourself, you cannot object to the Settlement, and you will not be bound by the Settlement and will not receive any Settlement benefits.

## THE FINAL APPROVAL HEARING

### 19. When and where will the Court decide whether to approve the Settlement?

The Court will hold a Final Approval Hearing on **[DATE], at [TIME].** before the Honorable Eric F. Melgren, U.S. District Court for the District of Kansas, **[ADDRESS]**.

At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate and decide whether to approve: the Settlement, Class Counsel's application for attorneys' fees, costs and expenses, and the service awards to Plaintiffs. If there are objections, the Court will consider them. The Court will also listen to people who have asked to speak at the hearing.

Note: The date and time of the Final Approval Hearing are subject to change. The Court may also decide to hold the hearing via videoconference or by phone. Any change will be posted at **[INSERT URL].**

### 20. Do I have to attend to the Final Approval Hearing?

No. Class Counsel will answer any questions the Court may have. However, you are welcome to attend at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you file or mail your written objection on time the Court will consider it.

### 21. May I speak at the Final Approval Hearing?

Yes, as long as you do not exclude yourself, you can (but do not have to) participate and speak for yourself at the Final Approval Hearing. This is called making an appearance. You also can have your

own lawyer speak for you. If you choose to make an appearance, you must follow all of the procedures for objecting to the Settlement listed in response to Question 17 above and specifically include a statement whether you and your counsel will appear at the Final Approval Hearing.

## GETTING MORE INFORMATION

| 22. How do I get more information? |
| --- |

This Notice summarizes the proposed Settlement. Complete details are provided in the Settlement Agreement. The Settlement Agreement and other related documents are available at **[INSERT URL]** by calling 1-XXX-XXX-XXXX or by writing to:

<mark>Tobler v. 1248 Holdings Settlement Administrator</mark>
<mark>PO Box xxxx</mark>

**PLEASE DO NOT TELEPHONE THE COURT OR THE COURT'S CLERK OFFICE REGARDING THIS NOTICE.**

# EXHIBIT B

## PLAN OF ALLOCATION

Montage and its related entities (including the company formerly known as Mariner Holdings, LLC, as well as companies in which Montage Investments, LLC or Mariner Holdings, LLC had a direct or indirect ownership interest of greater than or equal to 50%) and ACI admitted that, beginning no later than March 2014 and continuing until March 2018 ("the Admitted Liability Period"), they conspired to suppress and eliminate competition by entering into and managing a bilateral market allocation agreement not to solicit, recruit, hire, or otherwise compete for each other's employees, in violation of Section 1 of the Sherman Act.

The Net Settlement Fund (defined below) will be allocated amongst all Settlement Class Members (i.e., all natural persons employed by any of the Settling Defendants or any entity directly or indirectly owned by any Settling Defendant at any time from January 1, 2012 to December 31, 2020 subject to certain exclusions listed in footnote 1 below ("Settlement Class Period").[1]

## FORMULA

Settlement Class Members will receive a share of the Settlement Fund less all court-approved costs, service awards, attorneys' fees, and employer withholdings tax ("Net Settlement Fund"). **First**, each Settlement Class Member will be allocated a minimum per capita amount of $50.00. **Next**, each Settlement Class member will be allocated their share of the remaining Net Settlement Fund (according to the Formula below) in proportion to that Settlement Class Member's total compensation paid for employment by any Settling Defendant during the Settlement Class Period (capped at $250,000 annualized compensation) to the total compensation paid to all Settlement Class Members for employment by any Settlement Defendant during the Settlement Class Period, however, an annual Adjustment Factor shall be applied to each Settlement Class Member's compensation based on the year in which each Settlement Class Member's compensation was paid.

**Variables:**

1. Settlement Class Member's Annual Compensation for Each Year For Employment During the Settlement Class Period (Capped at $250,000 annualized compensation) ("AC");
2. Adjustment Factor by Year ("AF"), as defined below;
3. Settlement Class Member's Total Adjusted Annual Compensation ("AAC"), which is the sum of AC for each year during the Settlement Class Period in which the Settlement Class Member was employed;
4. Adjusted Total Compensation of All Settlement Class Members ("ATC");
5. Correction Fund ("CF"), as defined by the Settlement Agreement;

---

[1] Excluded from the Settlement Class are Settling Defendants' members of the Board of Directors, C-suite level executives of any of the Settling Defendants, and employees of Settling Defendants who resided outside the United States for the entire Settlement Class Period.

6. Payroll Taxes ("PT") is the amount paid to cover the employer's share of applicable taxes as defined in the Settlement Agreement;
7. Net Settlement Fund ("NSF"), as defined above; and
8. Settlement Class Member's Total Payment ("P"), which is the amount paid the Settlement Class Member at the conclusion of the claims process, less any employee-side tax withholdings.

**Formula:**

P = (NSF – CF - PT) / (AAC / ATC)

<u>ADJUSTMENT FACTOR</u>

An adjustment factor will be applied to a Settlement Class Member's Annual Compensation for each year of employment to reflect strength of the liability and damages case over time based on the specific years employed by any Settling Defendant ("Adjustment Factor").

| YEAR(S) | ADJUSTMENT FACTOR |
|---|---|
| 2012 | .25 |
| 2013 | .80 |
| 2014-2018[2] | 1 |
| 2019 | .80 |
| 2020 | .64 |

The total compensation and dates of employment will be conclusively derived from Settling Defendants' data and determined by the Notice Administrator.

Payments to Settlement Class Members shall not be made until the Effective Date has passed and all objections, collateral challenges or appeals relating to the Settlement have been fully and finally resolved.

<u>EMPLOYER TAX WITHHOLDINGS</u>

The Settlement states that taxes shall be paid from the Settlement Fund. Payments to Settlement Class Members shall be reduced by any employee withholding amounts that the Settlement Administrator determines must be paid directly to the relevant taxing authorities.

<u>REMAINING FUNDS</u>

For Settlement Class Members who could not be located (after continuing diligent efforts by the Settlement Administrator) or who do not cash their checks by the stale date, the Settlement Administrator shall remit such payments to the relevant unclaimed property divisions. To the

---

[2] For purposes of more easily allocating the Settlement Fund, Plaintiffs have adjusted the Admitted Liability Period to be January 1, 2014 through December 31, 2018.

extent undistributed funds still remain after this process is complete, Plaintiffs will petition the Court for an order to dispose of the remaining funds. At this time, Plaintiffs anticipate the remaining Settlement amounts will be distributed pro rata to Settlement Class Members who deposited their settlement checks if it is economically feasible to do so. If it is not economically feasible to redistribute payments, the remainder will be distributed to a *cy pres* recipient to be approved by the Court. In no event shall any of the remaining funds be returned to Settling Defendants.