# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS
# AT KANSAS CITY

| | |
|---|---|
| JAKOB TOBLER and MICHELLE MCNITT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>1248 HOLDINGS, LLC f/k/a BICKNELL FAMILY HOLDING COMPANY; MARINER WEALTH ADVISORS, LLC f/k/a MARINER HOLDINGS, LLC; MONTAGE INVESTMENTS, LLC; MARINER, LLC f/k/a MARINER WEALTH ADVISORS, LLC; MARINER CAPITAL ADVISORS, LLC; TORTOISE CAPITAL ADVISORS, LLC; TORTOISEECOFIN PARENT HOLDCO LLC; AMERICAN CENTURY COMPANIES, INC.; AMERICAN CENTURY SERVICES, LLC; AMERICAN CENTURY INVESTMENT MANAGEMENT, INC.; and DOES 1-10,<br><br>Defendants. | Case No. 2:24-CV-02068-EFM-GEB |

## MEMORANDUM AND ORDER

A proceeding entitled *Tobler et al. v. 1248 Holdings, LLC f/k/a Bicknell Family Holding Company et al.*, Civil Action No. 2:24-cv-02068- EFM-GEB (D. Kan.) (the "Action") is pending before this court. Proposed Settlement Class Representatives Jakob Tobler and Michelle McNitt, individually and on behalf of all others similarly situated, have filed a motion under Federal Rule of Civil Procedure 23(e). The motion asks the court to enter an order preliminarily approving the settlement of this Action against Defendants 1248 Holdings, LLC f/k/a Bicknell Family Holding Company; Mariner Wealth Advisors, LLC f/k/a Mariner Holdings, LLC; Montage Investments, LLC; Mariner, LLC f/k/a Mariner Wealth Advisors, LLC; Mariner Capital Advisors, LLC ("1248-

1

Mariner Defendants" or "Mariner"); Tortoise Capital Advisors, LLC; Tortoiseecofin Parent Holdco LLC ("Tortoise Defendants" or "Tortoise"); American Century Companies, Inc.; American Century Services, LLC; American Century Investment Management, Inc. ("American Century Defendants" or "ACI") (collectively, "Defendants"). The parties also have submitted their Settlement Agreement dated July 28, 2025, which, together with its attached exhibits, sets forth the terms and conditions for a proposed settlement of the Action against Defendants and for dismissal of the Action against Defendants.

The court has read and considered Plaintiff's Plaintiffs' Unopposed Motion for Certification of a Settlement Class and for Preliminary Approval of Proposed Class Action Settlement (Doc. 134), its supporting Memorandum (Doc. 135), the Settlement Agreement (Doc. 134-1), and all attached exhibits. The court, as explained below, grants the motion, preliminarily approves the settlement, preliminarily certifies the Settlement Class for settlement purposes only, and grants related relief.

The court begins with the legal standard for preliminary approval of the Settlement Agreement under Rule 23(e). Rule 23(e) permits the parties to settle the claims of a certified class action, but "only with the court's approval." And, the court may approve a settlement only upon finding that it is "fair, reasonable, and adequate[.]" Fed. R. Civ. P. 23(e)(2). The Tenth Circuit has identified four factors that a district court must consider when assessing whether a proposed settlement is "fair, reasonable, and adequate":

(1) whether the proposed settlement was fairly and honestly negotiated;
(2) whether serious questions of law and fact exist, placing the ultimate outcome of the litigation in doubt;
(3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; and
(4) the judgment of the parties that the settlement is fair and reasonable.

*Rutter & Willbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1188 (10th Cir. 2002).

The settlement approval process typically transpires in two phases. First, the court considers whether preliminary approval of the settlement is appropriate. 4 William B. Rubenstein, *Newberg and Rubenstein on Class Actions* § 13:10 (6th ed. 2023); *Freebird, Inc. v. Merit Energy Co.*, No. 10-1154-KHV, 2012 WL 6085135, at *4 (D. Kan. Dec. 6, 2012). "If the Court grants preliminary approval, it directs notice to class members and sets a hearing at which it will make a final determination on the fairness of the class settlement." *In re Motor Fuel Temperature Sales Pracs. Litig.*, 286 F.R.D. 488, 492 (D. Kan. 2012); *see also Newberg and Rubenstein on Class Actions* § 13:10 ("[T]he court's primary objective [at the preliminary approval stage] is to establish whether to direct notice of the proposed settlement to the class, invite the class's reaction, and schedule a final fairness hearing." *Second*, "taking account of all of the information learned during [the preliminary approval] process, the court decides whether or not to give 'final approval' to the settlement." *Newberg and Rubenstein on Class Actions* § 13:10. At this stage, however, the Court determines merely whether it is likely the settlement will be approved. Fed. R. Civ. P. 23(e).

Applying this governing legal standard, the court grants the Motion for Preliminary Approval of Settlement (Doc. 134), as follows:

**IT IS HEREBY ORDERED:**

1.This court has subject matter jurisdiction over this action and personal jurisdiction over plaintiffs, the members of the proposed Settlement Class, and Defendants.

2.The court hereby certifies a Settlement Class (the "Class") under Fed. R. Civ. P. 23(a), (b)(2), and (b)(3), for settlement purposes only, defined as the following:

> All individuals employed by (1) 1248 Holdings, LLC, Mariner Wealth Advisors, LLC (f/k/a Mariner Holdings, LLC), Montage Investments, LLC and its related entities (including the company formerly known as Mariner Holdings, LLC, as well as companies in which Montage Investments, LLC or Mariner Holdings, LLC had a direct or indirect ownership interest of greater than or equal to 50%), Mariner, LLC, and Mariner Capital Advisors, LLC; (2) Tortoise Capital Advisors, L.L.C.;

3

TortoiseEcofin Parent Holdco LLC; Ecofin Advisors, LLC, Tortoise Credit Strategies, LLC, Tortoise Investments Partners, LLC, Tortoise Index Solutions, LLC; TortoiseEcofin Investments Partners, LLC; Tortoise Securities, LLC, TI Services, LLC, Tortoise Parent Holdco, LLC, and Tortoise Investments, LLC, and/or (3) American Century Companies, Inc.; American Century Services, LLC; and American Century Investment Management, Inc., at any time from January 1, 2012 to December 31, 2020.

3. Excluded from the Settlement Class are the members of the Defendants' Boards of Directors and C-suite level employees, as well as employees of Defendants who resided outside of the United States for the entire Settlement Class time period.

4. The Court appoints George A. Hanson, Brad T. Wilders, and Stefon J. David of Stueve Siegel Hanson LLP, and Rowdy B. Meeks of Rowdy Meeks Legal Group LLC as Settlement Class Counsel.

5. The court finds that it will likely be able to approve the proposed Settlement because all the relevant factors weigh in favor of approving the proposed Settlement between Plaintiffs and Defendants. Accordingly, the court preliminarily approves the Settlement between plaintiffs and Defendants as fair, reasonable, and adequate, subject to further consideration at the Final Approval Hearing, as described below.

6. The court preliminarily finds that the proposed Settlement should be approved as (i) the result of arm's-length negotiations under the guidance of the Hon. Layn R. Phillips (Ret.); (ii) having greater value to the Class than the possibility of relief after protracted litigation, especially given the complex, risky, and expensive nature of antitrust litigation; (iii) fair and reasonable in the judgment of the Settling Parties; (iv) falling within the range of reasonableness warranting preliminary approval; (v) having no obvious deficiencies; and (vi) warranting notice of the proposed Settlement to members of the Class and further consideration of the Settlement at the Final Approval Hearing, as described below.

7. Also, for the reasons set forth in Plaintiffs' supporting papers, the court finds that it will likely be able to certify the Class for purposes of entering judgment. See Fed. R. Civ. P. 23.

8. The court finds that the proposed form of notice and the proposed methods of disseminating notice constitute the best notice to the Class Members practicable under the circumstances; are reasonably calculated, under the circumstances, to describe the terms of the Settlement and to apprise Class Members of their right to object; and satisfy Fed. R. Civ. P. 23(e), the principles of due process, and are otherwise fair and reasonable.

9. The court therefore preliminarily approves the proposed Notice, which is attached as Exhibit A to the Settlement Agreement.

10. The court also preliminarily approves the proposed Plan of Allocation, which is attached as Exhibit B to the Settlement Agreement, as fair, reasonable, and adequate.

11. The court appoints Simpluris, Inc. ("Settlement Administrator") to supervise and administer the notice procedure.

12. Not later than 14 days after entry of this Order, Defendants shall provide the Settlement Class List to the Settlement Administrator.

13. Not later than 30 days after entry of this Order, the Settlement Administrator shall issue notice of the settlement via U.S. Mail. And the Settlement Administrator shall post such Notice, along with documents filed in connection with the Settlement, on the case-specific website.

14. The Notices shall indicate [30 days after Notice Deadline] as the deadline for Class Members to opt out of the Class and/or file an objection to the Settlement, and/or Class Counsel's requests for awards for litigation costs and expenses, attorneys' fees, and class representative service awards. Class Counsel shall have until 14 days before the Final Approval Hearing to

respond to any objections to the Settlement or requests for awards for litigation costs and expenses, attorneys' fees, and class representative service awards.

15. Class Counsel shall file with the final approval motion proof of implementation of the Notice program.

16. The court will hold the Final Approval Hearing on **December 4, 2025 at 1:30 p.m. in the United States Federal Courthouse, 500 State Avenue, Kansas City, Kansas, Courtroom 440**. At the Final Approval Hearing, the court will consider (i) whether the proposed Settlement is fair, reasonable, and adequate; (ii) the amount of attorneys' fees, costs, and expenses that the court should award to Class Counsel; (iii) the amount of any service award to plaintiffs; (iv) any objections by members of the Class; and (v) whether to grant final approval to the proposed Settlement.

17. Any Class Member may enter an appearance in the Action, at the Class Member's own expense. If a Class Member doesn't enter an appearance, then Class Counsel will continue to represent that Class Member.

18. Any Class Member may appear at the Final Approval Hearing and demonstrate why the court: (i) should or should not approve the proposed Settlement as fair, reasonable, and adequate, (ii) should or should not enter a judgment, (iii) should or should not award attorneys' fees, costs, and expenses to Class Counsel, or (iv) should or should not award to settlement class representatives an amount of service awards. However, no Class Member or any other person or entity shall be heard or entitled to contest such matters, unless that person or entity has filed and served on Class Counsel their objections by the deadline provided.

19. Any objections must include (i) the name of the proceedings; (ii) the Class Member's full name, current mailing address, and telephone number; (iii) a statement of the

specific grounds for the objection, as well as any documents supporting the objection; (iv) a statement as to whether the objection applies only to the objector, to a specific subset of the class, or to the entire class; (v) the identity of any attorneys representing the objector; (vi) a statement regarding whether the Class Member (or his/her attorney) intends to appear at the Final Approval Hearing; and (vii) the signature of the Class Member or the Class Member's attorney. The court is unlikely to consider a Class Member's objection if the Class Member has failed to comply with the above requirements. The court shall deem any Class Member who does not make his, her, or its objection in the manner provided to have waived such objection and that Class Member shall forever be foreclosed from making any objection, unless otherwise ordered by the court. Class Members do not need to appear at the Final Approval Hearing or take any action to indicate their approval.

20. The court may adjourn the date of the Final Approval Hearing without further notice to the members of the Class. The court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

21. Neither this Order, the Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind. Nor shall any such matter constitute, be construed as, or be deemed to be evidence of or an admission by plaintiffs that there is an absence of merit in any of their allegations or claims against Defendants.

22. If the Settlement Agreement set forth here is not approved or consummated for any reason whatsoever, the Settlement Agreement and all proceedings in connection with it shall be without prejudice to the rights of the Settling Parties as set forth in the Settlement Agreement;

Plaintiffs and Defendants will revert to their positions *ex ante* without prejudice to their claims and defenses; and the litigation of their claims will resume in a reasonable manner as approved by the court.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Plaintiffs' Unopposed Motion for Certification of Settlement Class and for Preliminary Approval of Proposed Class Action Settlement (Doc. 134) is granted. The Court enters the following deadlines:

| | |
|---|---|
| Deadline for Settling Defendants to Provide Settlement Class List to Simpluris | Within 14 days after entry of Preliminary Approval Order |
| Notice Deadline | Within 30 days after entry of Preliminary Approval Order |
| Motion for Attorneys' Fees and Expenses and Service Awards | 21 days prior to Objection and Opt-Out/Exclusion Deadline |
| Opt-Out/Exclusion Deadline | 30 days after Notice Deadline |
| Objection Deadline | 30 days after Notice Deadline |
| Final Approval Brief and Response to Objections Due | At least 14 days prior to prior to Final Approval Hearing |
| Final Approval Hearing | No earlier than 100 days after entry of Preliminary Approval Order |

**IT IS SO ORDERED.**

Dated August 21, 2025, at Wichita, Kansas.

Eric F. Melgren
Chief United States District Judge