## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS
## AT KANSAS CITY

|  |  |
|---|---|
| JAKOB TOBLER and MICHELLE MCNITT, individually and on behalf of all others similarly situated,<br><br>  Plaintiffs,<br><br>v.<br><br>1248 HOLDINGS, LLC f/k/a BICKNELL FAMILY HOLDING COMPANY; MARINER WEALTH ADVISORS, LLC f/k/a MARINER HOLDINGS, LLC; MONTAGE INVESTMENTS, LLC; MARINER, LLC f/k/a MARINER WEALTH ADVISORS, LLC; MARINER CAPITAL ADVISORS, LLC; TORTOISE CAPITAL ADVISORS, LLC; TORTOISEECOFIN PARENT HOLDCO LLC; AMERICAN CENTURY COMPANIES, INC.; AMERICAN CENTURY SERVICES, LLC; AMERICAN CENTURY INVESTMENT MANAGEMENT, INC.; and DOES 1-10,<br><br>  Defendants. | Case No. 2:24-CV-02068-EFM-GEB |

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiffs Jakob Tobler and Michelle McNitt's

motion seeking: (1) final approval the settlement as fair, reasonable, and adequate; (2) certification

of the settlement class for the purpose of entering judgment on the proposed settlement; and (3)

awards of attorneys' fees, expenses, and service awards set forth in Plaintiffs' Unopposed Motion

for Final Approval of Proposed Class Action Settlement and Award of Attorneys' Fees, Expenses,

and Service Awards ("Motion"). ECF No. 148. Defendants have not opposed the Motion, and no

Class Member has filed an objection to the Motion. The Court held a Final Approval Hearing on

December 4, 2025. ECF No. 151. After considering all the papers and proceedings conducted in this action, the Court finds that the settlement of this litigation is fair, reasonable, and adequate. The Court thus grants Plaintiffs' motions.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that:

1.      Plaintiffs seek final approval of the Settlement.[1] Rule 23(e) permits parties to settle the claims of a class action, but "only with the court's approval." And the court may approve a settlement only after conducting "a hearing" and finding that the settlement is "fair, reasonable, and adequate[.]" Fed. R. Civ. P. 23(e)(2). Rule 23 includes several factors that courts should consider when deciding whether a settlement is "fair, reasonable, and adequate[.]" These factors include whether:

(A)    the class representatives and class counsel have adequately represented the class;
(B)    the proposal was negotiated at arm's length;
(C)    the relief provided for the class is adequate, taking into account:
      i.    the costs, risks, and delay of trial and appeal;
      ii.    the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
      iii.    the terms of any proposed award of attorney's fees, including timing of payment; and
      iv.    any agreement required to be identified under Rule 23(e)(3); and
(D)    the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

Also, the Tenth Circuit has noted four factors that a district court must consider when assessing whether a proposed settlement is "fair, reasonable, and adequate":

(1)    whether the proposed settlement was fairly and honestly negotiated;
(2)    whether serious questions of law and fact exist, placing the ultimate outcome of the litigation in doubt;

---

[1] This Order uses and incorporates by reference the definitions for defined terms used in the Settlement Agreement dated July 28, 2025 (ECF No. 134-1). All capitalized terms used, but not defined in this Order, shall have the same meanings used in the Settlement Agreement.

(3)      whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; and

(4)      the judgement of the parties that the settlement is fair and reasonable.

*Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1188 (10th Cir. 2002). The Court previously granted preliminary approval of the Settlement, finding it "fair, reasonable, and adequate" as Fed. R. Civ. P. 23(e) requires. ECF No. 144 at 5. Now, the Court grants final approval of the Settlement because Plaintiffs have shown that each of the Rule 23(e)(2) and Tenth Circuit factors is met here.[2]

The Settlement satisfies each of the Rule 23(e)(2) factors. *First*, the Court finds that the Settlement Class Representatives and Class Counsel have represented the Class adequately. Settlement Class Representatives share the same interests and the same types of alleged injuries and adequately represented the interests of the Class. The Settlement Class Representatives are former employees of one of the Defendants and, like the Class Members, would have been affected by the same alleged misconduct resulting in artificially deflated compensation. The Settlement Class Representatives thus have adequately represented the interests of the Class.

Class Counsel also has represented the Class adequately by prosecuting their claims. Their work have involved significant time investigating claims, drafting a comprehensive class complaint and amended complaint, responding to a motion to dismiss, negotiating and arguing discovery issues, and effectively mediating the case to resolution. Counsel's prosecution of the case had produced substantial relief for the Class in the negotiated Settlement. The Court concludes

---

[2] The Tenth Circuit's factors "largely overlap" with the Rule 23(e)(2) factors, "with only the fourth factor not being subsumed" into Rule 23. *Chavez Rodriguez v. Hermes Landscaping, Inc.*, No. 17-2142- JWB-KGG, 2020 WL 3288059, at *2 (D. Kan. June 18, 2020). And our court has considered "the Rule 23(e)(2) factors as the main tool in evaluating the propriety of the settlement[.]" *Id.* This Court thus evaluates the Rule 23(e)(2) and Tenth Circuit factors in combined fashion here. But the Court considers the Tenth Circuit's fourth factor separately.

that Class Counsel has represented the Class adequately. Thus, this first Rule 23(e)(2) factor favors approving the Settlement.

*Second*, the Settlement is the product of arm's-length negotiations. The parties engaged an experienced and skilled mediator—Hon. Layn R. Phillips (Ret.)—who conducted a full-day mediation session with the Settling Parties on February 18, 2025. Although the Parties were unable to reach a resolution on that day, they continued negotiations over the next several months facilitated by Judge Phillips and his team of professional neutrals, arriving at a settlement in principle on June 17, 2025. Through this process, the Parties successfully negotiated the Settlement that Plaintiffs ask the Court to approve. The Court finds the second Rule 23(e)(2) factor favors approval.

*Third*, the Court finds that the relief provided to the Class through the Settlement is adequate. Continued litigation of the matter involves incurring additional costs and presents risk that Class Members might secure an unfavorable outcome. Continued litigation thus will delay any recovery that Class Members may achieve in the future. Furthermore, the proposed method for distributing relief is adequate. The notice plan here reached an estimated 99.3% of the Class. And because there is no claims-made process, settlement payments will be delivered directly to Settlement Class Members. As discussed in more detail below, the Court also finds that the requested attorneys' fees award is fair and adequate. And Plaintiffs represent that the Parties have no other agreements that the court must consider under Rule 23(e)(2)(C)(iv). Thus, the court finds the proposed that the third Rule 23(e)(2) factor—adequate relief—favors approving the Settlement.

*Fourth*, the Court finds that the Settlement treats Class Members equitably relative to one another. Settlement payments will be made to Settlement Class Members on an objective basis,

factoring their compensation during the Settlement Class Period. Plaintiffs have designed a simple process to maximize the number of Settlement Class Members who receive and accept compensation for their claims. This fourth Rule 23(e)(2) factors favors approval.

In sum, all Rule 23(e)(2) factors favor the Court granting final approval of the Settlement.

Also, the Court finds the Settlement satisfies the Tenth Circuit's fourth factor: the judgment of the parties that the settlement is fair and reasonable. Rutter, 314 F.3d at 1188. Plaintiffs' request—that the Court approve the Settlement—itself suggests the Parties' view the Settlement is fair and reasonable. And no Class Member has objected to the Settlement. The lack of objections suggests the Class Members find the Settlement fair and reasonable, as well. Class Counsel also attest that the settlement is "fair, reasonable, and adequate" and should be approved. ECF No. ___. Thus, the Tenth Circuit's final factor—the only one not "subsumed into" the Rule 23 factors— also favors approval of the Settlement. *Chavez*, 2020 WL 3288059, at *2.

For all the reasons discussed, the Court finds that the Settlement is fair, reasonable, and adequate. It thus grants final approval of the Settlement under Fed. R. Civ. P. 23(e).

No Class Member has submitted any objection to the Settlement. So, no submissions preclude the Court from finding the Settlement is fair, reasonable, and adequate.

For all the reasons discussed, the court finds that the Settlement is fair, reasonable, and adequate. It thus grants final approval of the Settlement under Fed. R. Civ. P. 23(e).

2.    The Notice given to the Class stated that Class Counsel would move the Court for an award of attorneys' fees not to exceed thirty-five percent (35%) of the Settlement Amount, an award of their expenses, and for service awards. The Notice fairly and adequately notified Class Members of their right to object to the requests for attorneys' fees, expenses, and service awards, and a full and fair opportunity was accorded to all persons and entities who are Class Members to

be heard with respect to these matters. The Court, thus, concludes that the Notice provided satisfies the requirements of Rule 23 and Due Process.

3.    Plaintiffs and Class Counsel request an award of attorneys' fees equal to one-third of the Settlement Amount, reimbursement of Class Counsel's expenses in the amount of $396,212.51, and service awards for Mr. Tobler and Ms. McNitt in the amount of $15,000 each. As set forth in this Order, the Court grants the motion as explained below.

## AWARD OF ATTORNEYS' FEES

4.    Plaintiffs and Class Counsel moved for an award of attorneys' fees of one-third of the Settlement Fund, including accrued interest.

5.    Under Rule 23(h) of the Federal Rules of the Federal Rules of Civil Procedure, in "a certified class action, the court may award reasonable attorneys' fees and nontaxable costs that are authorized by law or by the parties' agreement." The attorneys' fees requested and awarded here are authorized under the common fund doctrine. *See Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980) ("[A] litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorneys' fee from the fund as a whole."). The Tenth Circuit prefers the percentage-of-the-fund method when determining the award of attorney fees in common fund cases. *See Chieftain Royalty Co. v. Enervest Energy Institutional Fund XIII-A, L.P.*, 888 F.3d 455, 458 (10th Cir. 2017) ("This court has approved both methods in common fund cases, although expressing a preference for the percentage-of-the-fund approach."). This method calculates the fee as a reasonable percentage of the value attained for the benefit of the class. *See Brown v. Phillips Petrol. Co.*, 838 F.2d 451, 454 (10th Cir. 1988).

6.    The Tenth Circuit also has instructed that a court making a percentage-based fee award in a common fund case should analyze the reasonableness of the fee award under the

*Johnson* factors. *See id.* at 454–55 (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974)). The weight given to each *Johnson* factor varies from case to case, and every factor does not always apply. *See id.* at 456 (finding that "rarely are all of the *Johnson* factors applicable; this is particularly so in a common fund situation").

7.     The Tenth Circuit has identified the *Johnson* factors in this fashion: (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) any prearranged fee—this is helpful but not determinative; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results [secured]; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Id*. at 454–55.

8.     The Court finds that the request for an award of attorneys' fees in the amount of one-third of the Settlement Amount is reasonable under the *Johnson* factors. The court addresses each applicable factor, in order of importance, below.[3]

9.     **<u>Amount Involved and Results Secured (Factor 8)</u>**. The Court finds that the result factor here deservers greater weight than the other *Johnson* factors. *See id.* at 456 (holding a court may give this factor greater weight when "the recovery was highly contingent" and "efforts of

---

[3] At the outset, the Court notes that two *Johnson* factors are not applicable in this case. Time limitations imposed by the client or the circumstances (Factor 7); and nature and length of the professional relationship with the client (Factor 11). See 5 Newberg on Class Actions § 15:77 n.15 (5th ed. 2015) (relationship with client "has little relevance in the class setting given that the 'client' is the class."); *see also McFadden v. Sprint Commc'ns, LLC*, No. 22-2464-DDC-GEB, 2024 WL 3890182, at \*7 (D. Kan. Aug. 21, 2024) (concluding that Factor 7 and Factor 11 were "of nominal or no importance" in evaluation of the percentage of the fund award.); *KPH Healthcare Servs., Inc. v. Mylan, N.V.*, No. 20-2065-DDC-TJJ, 2024 WL 3360499, at \*6 (D. Kan. July 9, 2024) (same). Thus, the Court does not address them below.

counsel were instrumental in realizing recovery on behalf of the class"); *see also Farrar v. Hobby*, 506 U.S. 103, 114 (1992) ("[T]he most critical factor in determining the reasonableness of a fee award is the degree of success [secured]." (citation and internal quotation marks omitted)). Here, Class Counsel secured a substantial result for the Class. The Settlement Class is about 4,410 individuals with a Settlement Fund of $25,500,000. Thus, the gross per-head recovery is just north of $5,700. This relief compares favorably to other no poach common fund settlements, especially considering the procedural posture of this Action. The size of the Settlement Fund also towers the $2.5 million victims' compensation fund secured from some the Defendants by the Department of Justice in exchange for non-prosecution agreements. The Court finds that the result attained *Johnson* factor favors awarding Class Counsel the one-third fee.

10.     **Novelty and Difficulty (Factor 2), Skill (Factor 3), and Experience (Factor 9).** As courts within this District have recognized, "[c]lass actions have a well deserved reputation as being most complex . . . and an antitrust class action is arguably the most complex action to prosecute." *KPH Healthcare*, 2024 WL 3360499, at *5. The claims asserted in this antitrust class action involved complex issues of class certification and substantive law requiring highly skilled and experienced attorneys.  No poach litigation is a relatively novel with class actions only recently emerging about ten years ago. And this one appears to be the only filed no-poach antitrust class action concerning the Asset and Wealth Management industry. The court recognizes the exceptional effort, skill and zeal of Class Counsel to reach this favorable settlement and obtain relief for the class now, rather than face a potential dismissal. These factors strongly support the requested fee.

11.     **Customary Fee (Factor 5), Contingent Fee Arrangement (Factor 6), and Awards in Similar Cases (Factor 12)**. The Court recognizes the significant risk Class Counsel

assumed in prosecuting this complex and relatively novel no poach antitrust class action on a wholly contingent basis. *Nieberding v. Barrette Outdoor Living, Inc.*, 129 F. Supp. 3d 1236, 1250 (D. Kan. 2015) ("[Class actions] typically involve a contingent fee arrangement because it insulates the class from the risk of incurring legal fees and shifts that risk to counsel."  (citation omitted)). Thus, Class Counsel necessarily and reasonably expended a large amount of time with a substantial risk of no recover[.]" *In re Sygenta AG MIR 162 Corn Litig.*, 357 F. Supp. 3d 1094, 1114 (D. Kan. 2018); ECF No. 147-1 at 2 (Hanson Decl. ¶ 2) (explaining that Class Counsel "prosecuted this case on a contingent-basis with no guarantee of recovery"). In contingent fee cases, "a one-third fee is customary." *In re Syngenta*, 357 F. Supp. 3d. at 1113-14; *Coe v. Cross-Lines Ret. Ctr., Inc.*, No. 22-CV-2047-EFM-ADM, 2024 WL 3566953, at *2 (D. Kan. July 29, 2024) (approving a 40% contingency fee as "customary" and "represent[ing] the market rate."); *Krant v. UnitedLex Corp.*, No. 23-2443-DDC-TJJ, 2024 WL 5187565, at *7 (D. Kan. Dec. 20, 2024) ("[I]n our court, an attorney fee award of one-third is consistent with fees awarded in other high-risk, complex class actions resulting in the creation of a common fund."); *Nakamura v. Wells Fargo Bank, N.A.*, No. 17-4029- DDC-GEB, 2019 WL 2185081, at *3 (D. Kan. May 21, 2019) ("33%[] is within the range of customary fees awarded in similar cases"); *Nieberding v. Barrette Outdoor Living, Inc.*, 129 F. Supp. 3d 1236, 1250 (D. Kan. 2015) (recognizing a one-third fee of the common fund was "well within the range typically awarded in class actions.").

This Court finds that the risk of significant expenditures on a contingent basis and a substantial risk of no recovery favors the requested customary fee of one-third, which is consistent with attorneys' fees warded in other complex class action cases. *See In re Syngenta*, 357 F. Supp. 3d at 1114 (finding that the case was "less than desirable (factor 10)" when "plaintiffs' counsel risk[ed] huge expenditures on a contingent basis, with a substantial risk of no recovery"). In

addition to the labor invested, Class Counsel invested over $390,000 in out-of-pocket costs, primarily expert fees, on a contingent basis. Factors 5, 6, and 12 thus suggest the requested fee here is reasonable.

12.        **Time and Labor (Factor 1) and Preclusion of Other Cases (Factor 4)**. Factor 1 guides the lodestar analysis in a statutory fee-shifting case but has minimal importance in a percentage-of-the-common-fund case. *See Nakamura*, 2019 WL 2185081, at *3. In fact, a lodestar analysis (or crosscheck) is neither required nor needed to assess the reasonableness in a percentage of the fund determination. *See id.* (first citing *Brown*, 838 F.2d at 456, 456 n.3; then citing *Chieftain Royalty Co. v. XTO Energy, Inc.*, No. CIV-11-29-KEW, 2018 WL 2296588, at *3 (E.D. Okla. Mar. 27, 2018) (neither lodestar analysis nor lodestar cross-check is required); and then citing *Childs v. Unified Life Ins. Co.*, No. 10-CV-23-PJC, 2011 WL 6016486, at *15 n.10 (N.D. Okla. Dec. 2, 2011) ("Because the other *Johnson* factors, combined, warrant approval of the common fund fee sought by class counsel, the Court need not engage in a detailed, lodestar-type analysis of the 'time and labor required' factor.")). A fee is justified where the engagement required extensive time and resources such that it "precluded or reduced [the attorneys'] opportunity for other employment." *Brown*, 838 F.2d at 455. "This guideline involves the dual consideration of otherwise available business which is foreclosed because of conflicts of interest which occur from the representation, and the fact that once the employment is undertaken the attorney is not free to use the time spent on the client's behalf for other purposes." *Johnson*, 488 F.2d at 718.

Here, Class Counsel devoted thousands of hours of time and labor to his Action on a fully contingent basis. ECF No. 147-1 at 5 (Hanson Decl. ¶ 12). Our court has recognized fewer total hours as still representing significant time and labor precluding other opportunities. *See, e.g., Krant*, 2024 WL 5187565, at *8 (finding 841.7 hours of time sufficient for reasonableness under

Factor 1 and concluding this time spent suggests that counsel rejected other employment opportunities under Factor 4); *McFadden*, 2024 WL 3890182, at *7 (finding 688.7 hours of time sufficient for reasonableness under Factor 1 and concluding this time spent suggests that counsel rejected other employment opportunities under Factor 4). Thus, while the Court notes that Class Counsel have expended a significant amount of time and labor, the court is not required, and does not consider it necessary, to perform a "lodestar cross-check." *KPH Healthcare Services, Inc. v. Mylan N.V.*, 20-2065-DDC-TJJ, 2025 WL 1744775, at *2 (D. Kan. May 21, 2025).

For all these reasons, the Court concludes that the *Johnson* factors strongly support and warrant an award of attorney fees in the amount of one-third of the $25,500,000 Settlement Amount, together with any interest earned on that amount.

## AWARD OF LITIGATION EXPENSES

13.    Rule 23(h) authorizes courts to reimburse counsel for "nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). The Settlement Agreement authorizes Class Counsel to seek reimbursement of "[e]xpenses incurred on behalf of the Settlement Class." ECF No. 134-1 at 24 (Settlement Agreement, Section VII.A.1). And Notice specified a cap on those expenses at $430,000. *Id.* at 43 (Notice, Question 13).

14.    Class Counsel have incurred $396,212.51 in total expenses and costs in prosecuting this case. ECF No. 147-1 at 5 (Hanson Decl. ¶ 13). Class counsel represented the expenses incurred were necessary to litigate this case effectively and were of the type counsel normally would charge a paying client. Id. The court finds that the award of these expenses is fair and reasonable, and the court approves of payment pursuant to the Settlement Agreement.

**AWARD OF SERVICE AWARDS**

15.     "At the conclusion of a class action, the class representatives are eligible for a special payment in recognition of their service to the class." 5 Newberg and Rubenstein on Class Actions § 17:1 (6th ed. 2021). "Service payments induce individuals to become class representatives and reward them for time sacrificed and personal risk incurred on behalf of the class." *Harlow v. Sprint Nextel Corp.*, No. 08-2222-KHV, 2018 WL 2568044, at *7 (D. Kan. June 4, 2018) (citing *UFCW Loc. 880-Retail Food Emp. Joint Pension Fund v. Newmont Mining Corp.*, 352 F. App'x 232, 235 (10th Cir. 2009)).

16.     Class counsel have requested the Court award service awards to two class representatives based not only on their time devoted to representing the Class, but also because of the significant personal and professional risk Class Representatives took as a result of suing their former employer. Class Counsel seek service awards in the amount $15,000 each to Mr. Tobler and Ms. McNitt.

17.     Class Representatives were instrumental to this litigation. According to Class Counsel, while Class Members contacted them, these Class Members would only provide information confidentially for fear of professional retaliation. ECF No. 147-1 at 6 (Hanson Decl. ¶¶ 14-15). Despite this fear, Mr. Tobler and Ms. McNitt stepped forward to publicly challenge their former employer's alleged conduct. *Id.* According to Ms. McNitt, she faced industry backlash on social media for doing so. ECF No. 147-3 at 3 (McNitt Decl. ¶ 8). Because of Class Members' lack of willingness to be the face of this litigation—without Mr. Tobler and Ms. McNitt—there would be no Settlement or recovery for the Class. ECF No. 147-1 at 6 (Hanson Decl. ¶ 15).

18.     In addition, Mr. Tobler devoted about 65 hours in total and Ms. McNitt about 50 hours in total to the prosecution of this case, including pre-suit investigation, working with class

counsel, reviewing court filings, participating in discovery, and being available for mediation and settlement negotiations. ECF No. 147-2 at 2 (Tobler Decl. ¶¶ 3-6); 147-3 at 2 (McNitt Decl. ¶¶ 3-6).

19.     Recognizing the heightened personal risk at stake, courts in similar no poach antitrust class actions have awarded class representatives significantly more than $15,000. *See, e.g., Seaman v. Duke Univ.*, No. 1:15-CV-462, 2019 WL 4674758, at *7 (M.D.N.C. Sept. 25, 2019) (approving $125,000 service award as "fair and reasonable" in a no poach antitrust class action settling for $54.5 million and concluding the class representative "put her professional career on the line when she came forward."); *In re High-Tech Employee Antitrust Litig.*, 2015 WL 5158730, at *17 (N.D. Cal. Sep. 2, 2015) (approving $100,000 service awards in no poach antitrust class action where named plaintiffs received considerable media coverage and were likely to be viewed as "troublemakers" by future employers); *see also McAlear v. nCino, Inc. et al.*, No. 7:21-cv-00047 (E. D. N.C. Mar. 4, 2024), ECF No. 149 (awarding $90,000 to the settlement class representative in a no poach antitrust class action settling for $6.8 million); *Borozny v. Raytheon Technologies Corp.*, No. 3:21-cv-01657 (D. Conn. May 14, 2025), ECF 1002 at ¶¶ 4, 10 (awarding $20,000 to each class representative in no poach antitrust class action where they had been "actively engaged in litigation efforts, despite no guarantee of monetary compensation for their efforts leading the case.").

20.     Courts within the Tenth Circuit and elsewhere also acknowledge the threat facing Class Representatives who sue former employers. *See Tuten v. United Airlines, Inc.*, 41 F. Supp. 3d 1003, 1009-10 (D. Colo. 2014) (approving $15,000 service award where representative sued his employer, noting his "commitment to the case and the risk he took pursuing this litigation . . . warrant[ed] a significant award[.]"); *Pliego v. Los Arcos Mexican Restaurants, Inc.*, 313 F.R.D.

117, 131-32 (D. Colo. 2016) (approving $7,500 service award for representative who "took a substantial risk in coming forward" when others would not and whose name now appears in Google searches linked to the litigation); *Silberblatt v. Morgan Stanley*, 524 F. Supp. 2d 425, 435 (S.D.N.Y. 2007) ("A class representative who has been exposed to a demonstrable risk of employer retaliation or whose future employability has been impaired may be worthy of receiving an additional payment, lest others be dissuaded."); *Frank v. Eastman Kodak Co.*, 228 F.R.D. 174, 187 (W.D.N.Y. 2005) (noting service awards are especially appropriate in employment-related litigation where "the plaintiff is often a former . . . employee of the defendant, and thus, by lending his name to the litigation, he has, for the benefit of the class as a whole, undertaken the risk of adverse actions by the employer or co-workers.").

21.    The Court concludes the requested services awards are appropriate, considering: the total number of hours Plaintiffs contributed; the total service award requested here, the complexity of novel no poach antitrust litigation, and the significant personal and professional risk that Class Representatives have taken. So the Court awards Plaintiffs Jakob Tobler and Michelle McNitt service awards in the amount of $15,000 each.

## CONCLUSION

23.    The court retains exclusive jurisdiction, to the extent permitted by law, over matters that are the subject of this Order until after full disbursement of the Settlement, and as necessary to effectuate and enforce the terms of the Settlement Agreement.

24.    As identified by the Settlement Administrator, the Court finds that the individual identified in the Declaration of Anne-Marie Marra has timely requested exclusion from the Settlement Class. ECF No. 1491-1 at 21. The Court also finds that the individual identified in the Supplemental Notice of Opt-Out has timely requested exclusion from the Settlement Class. ECF

No. 150. These two individuals are (a) excluded from the Rule 23 Class previously certified; (b) are not bound by the terms of the Settlement Agreement; (c) do not release Defendants and all other Released Parties from the Released Claims; and (d) are not entitled to participate in the monetary portion of the Settlement.

**IT IS THEREFORE ORDERED BY THE COURT THAT** the Plaintiffs' Motion for Final Approval of Proposed Class Action Settlement and Award of Attorneys' Fees, Expenses, and Service Awards (ECF No. 148) is granted, consistent with this Order.

**IT IS SO ORDERED.**

Dated this December 5, 2025, at Kansas City, Kansas.

Eric F. Melgren
United States District Judge